## WOODRUFF *vs.* LAFLIN AND OTHERS.

Notice of taking depositions must be served *by copy.*   Reading is not sufficient.

In assumpsit, the defendant cannot set off unliquidated damages, caused by the negligence of the plaintiff in keeping a slave, placed in his hands by defendant, to be sold.

If depositions are improperly admitted in evidence, the judgment will be reversed, although the bill of exceptions does not state that it contains all the testimony offered, if the depositions so read contain material testimony, directly applicable to the issue.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in March, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges.   Laflin, Stevens & Co. sued Woodruff for goods, wares, and merchandise, and for money lent and advanced to, and paid, laid out, and expended for, Woodruff.   Woodruff pleaded *non assumpsit,* to which issue was joined.   He also filed a plea of set-off, for moneys lent and advanced to, and paid &c. for, Laflin, Stevens

Woodruff *vs.* Laflin and others.

& Co.; for money had and received; for money due as interest, upon an account stated; and also, for $1000, for that, on the 17th of October, A. D. 1837, at New-Orleans, the said Woodruff, at the special instance of said plaintiffs, had delivered to them a mulatto slave, named John, of the value of $1000, to be sold by them for said Woodruff, for reasonable reward; and that they undertook " to endeavor to sell" said slave, and to render an account of the proceeds of such sale, on request, &c.; and that they " did not well and truly endeavor to sell and dispose of" said slave, or to render an account, &c., but, by their *negligence, carelessness,* and *improper conduct,* said slave ran away, and was wholly lost. And, also, that they were indebted to said Woodruff $500, for the use and hire of divers mulatto slaves, &c. To this second plea, Laflin, Stevens & Co. demurred, as far as any defence was attempted to be set up therein, for damages, as to the slave; which demurrer was sustained. Whereupon, Laflin, Stevens & Co. entered their replication to the residue of the plea, not demurred to, and Woodruff his joinder. A jury came, found for the plaintiffs $958 93 cts., and judgment was rendered against Woodruff therefor, who brought error.

At the trial, the plaintiff offered in evidence a paper, purporting to be the depositions of witnesses, in the case, which was objected to, the notice of taking the same having only been served by reading, but the objection overruled, and the depositions read. The bill of exceptions, detailing the evidence, did not state it to be all the evidence which was given.

*Ashley & Watkins,* for the plaintiff in error. Under the statute, title " Set-off," the plea of offset, in this case, is good. The policy of the law is, to prevent *circuity of action,* and expensive litigation. All debts are allowed to be set-off, though of a different nature. In all actions of assumpsit, where set-off is allowed, the gist of the action, and the cross action of set-off, is for unliquidated damages for a supposed breach of contract. The defendant below brought himself within the rule. His plea of set-off, which was demurred to, so far as it related to the negro boy John, was not in case, or for the tortious misfeasance of the plaintiff below. It was indebitatus assumpsit, as for

the breach of a contract of bailment, waiving the total. There is no reason why the law should not be construed to embrace one species of contract as well as another. The proceeding is equitable in its na-'ture. It was originally considered an innovation upon the common law, and slowly introduced; and the intention of the statute is, to extend the nature of the demands which may be set off by way of cross actions.

The other point in this case, as to the error of the court in admitting the depositions offered by the plaintiff below, is settled by this court in the case of *Williams vs. Brummell.*

*Fowler,* contra. The plea of set off contained several distinct matters of defence, as several counts in a declaration; and a demurrer may, with the utmost propriety, extend to, and be sustained to, any part of the plea, in the same manner as to a declaration. Even at common law, a plaintiff might enter a *nolle prosequi* as to one count, or *even to part of a count,* in his declaration. See 1 *Saund. Rep.* 207, *in note* 2; *Douglass,* 190. Upon the same principle, a demurrer might extend to a *part* of a *count,* or to a count. Besides, our statutes are broad, and clearly authorize a demurrer to be sustained to a *part* of the pleadings only. *New Code, p.* 628, *sec.* 62, and other sections, title " Practice at law."

,Not only in form was the demurrer well sustained to that part of the plea of set off, but in *substance,* also. The defence set up as to the slave John, sounded in damages merely, and was not a legitimate subject of set off. See *Cond. Rep. Sup. Court U. S., by Cranch, p.* 538; *U. S. vs. Robeson, Hayw. Rep.* 195; *Ragsdale vs. Buford's Ex'r,* 2 *Dall.* 265; 2 *Bl. Rep.* 394; *Cowp. Eq. Pl.* 125; 6 *Ves.* 136; 4 *Hen. & Mun.* 499; 2 *J. R.* 155; *Montague on Set off,* 18, 19; 1 *Esp. Cas.* 378; *Cowp. Rep.* 56; *Howlett et al. vs. Strickland,* 6 *Durnf. & E.* 488; *Weigall vs. Waters.*

It is unnecessary to combat technical points, raised upon the depo-, sitions, note, &c., as the verdict and judgment must stand, if the depositions were excluded. The bill of exceptions does not purport to contain *all the evidence* given on the trial; and the doctrine has long been well settled, that, if the bill of exceptions does not state that the

evidence detailed therein *is all that was given,* the Supreme Court must presume that other and sufficient evidence was given to justify the verdict and judgment below. See 2 *Littell's Rep.* 181; *Frazier, vs. Harvie,* 4 *Mon. Rep.* 126; *Cravins vs. Grant,* 2 *Ark.* 42, *et seq.; Burris vs. Wise & Hand, ib.* 59; *Bullard et al. vs. Noaks, ib.* 22; *Lenox vs. Pike, ib.* 442; *Jones et al. vs. Buzzard & Herndon, ib.; Mason vs. McCampbell,* 1 *J. J. Marsh. Rep.* 504; *Hodges vs. Crutcher,* 2 *J. J. Marsh. Rep.* 123; *Sanders vs. Crawley.*

Every thing must be presumed in favor of the verdict, but what is affirmatively shown against it; and Woodruff has made no showing whatever.

*By the Court,* DICKINSON, J. The exceptions are well taken to the depositions. There was no notice given the defendant, according to the requisitions of the statute. The sheriff returned, that he read to him a notice of the time and place of taking depositions. That this is not sufficient, has been decided in the case of *Williams vs. Brummell.* The party is entitled to a copy of the notice. The judgment of the court, in sustaining the demurrer to the defendant's plea of set-off, we hold to be right. The plea of set-off contains an averment that the defendant placed in the hands of the plaintiffs a certain negro slave, to be sold, and that they violated a trust, by so negligently keeping the slave that he absconded, and his value was wholly lost to the defendant. Now, it is perfectly apparent, that this constitutes no defence by way of set off. The injury complained of is of a character for which damages can only be recovered as in tort. The doctrine upon the subject is too well established to require argument or authority to support the position, that unliquidated damages of this character are too indeterminate and uncertain to admit of set off. And the want of proper notice to take depositions is, of itself, sufficient to warrant us in reversing the judgment below.

*Fowler,* for defendants in error, filed the following petition for reconsideration:

The defendants insist, that the defect of giving sufficient notice is not material, in the question before this court. Admit it to be abso-

lutely defective, still the bill of exceptions does not *purport to, and does not, set out all the evidence given in the case.* Therefore, it must be presumed that other and sufficient evidence was given. This court has, in a dozen cases, perhaps, referred to in the defendant's brief, settled this principle on questions of new trial, &c.

In 1 *J. J. Marsh. Rep.* 504, *Hodges vs. Crutcher*, the same question precisely as is presented in this case, was settled in affirmance of the judgment. That was an action of ejectment, and the whole evidence was not spread upon the record. All that appeared was, that a copy of the deed was offered in evidence, by the plaintiff, and objected to, but the objection was overruled, and the deed admitted. The court, in that case, declared that the introduction of the copy, whether right or wrong, could produce no effect in the decision of the revising court; because, unless the whole evidence was before them, it was impossible for them to say that the plaintiff ought not to have recovered. If that judgment was correct, the judgment in this case should also be affirmed. And, for a stronger reason, because, in this, Woodruff, in his answer to the petition for the production of a paper, virtually, if not conclusively, admits the justice of the demand of Laflin, Stevens & Co., except as to that which this court, as well as the court below, declare, is no subject of defence for him: which is respectfully submitted.

*By the Court,* Dickinson, J. It is true, the bill of exceptions does not state that all the evidence is set out. But we do not conceive that it was one of those cases in which the presumptions of law are in favor of the verdict, upon the ground that there may have been other sufficient evidence to support it. The depositions were read. We are ignorant of the influence they may have had upon the finding of the jury; and it is presumed they had some influence, or the plaintiff below would not have introduced them. We have declared they were not proper testimony. Upon the same principle, this court will set aside a judgment, where the judge, before whom the cause is tried, has erred in giving or refusing instructions. If a party applies for new trial, and, upon its refusal, appeals, he must then set out all the evidence, to enable the revising tribunal to see if there is any

error in the proceedings of the court below, otherwise the judgment will be affirmed. This case does not come within the rule. It is enough to show the materiality of the testimony, and its direct application to the issue between the parties. Instructions abstract in principle, and testimony immaterial in the issue tried, would not authorize a court to reverse the finding. But such is not the case, in the present instance; and we can see no sufficient cause for opening the judgment of this court.

Petition refused, and judgment reversed.