### PURDY *vs.* BROWN & TAYLOR.

Where a note is assigned, all the legal interest vests in the assignee, and he alone is entitled to sue, unless the assignor is again invested with the legal interest by a new assignment, or otherwise.

As long as the assignment remains upon the note, no proof is competent to show legal interest in another.

To a plea that the note had been assigned, a replication that it was assigned without any consideration, and for purposes of collection merely, and that the assignees received it merely as an agent, and did not thereby become the owner of it, or take any interest in it, or entitled to any part of the proceeds, is not a good replication.

THIS was assumpsit, determined in the Phillips Circuit Court, in December, 1841, before the Hon. WILLIAM K. SEBASTIAN, one of the circuit judges. Purdy, as surviving partner of McLaughlin, sued Brown & Taylor on a note, executed by them to Purdy & McLaughlin. Taylor not being served with process, Brown pleaded in bar, that, after his making of the note, and before the commencement of the suit, Purdy & McLaughlin assigned, transferred, and endorsed, all their right, title, interest, and claim, in the note, to one Charles W. Adams or order, and delivered the note to him; and the defendant became liable to pay to him; and that the plaintiff had no interest in the note.

To this plea, the plaintiff replied, that the note was so endorsed without any consideration whatever, and for purposes of collection merely, and was endorsed and delivered to Adams, as the agent of Purdy & McLaughlin; and that he received it as such agent, and for the mere purpose of collection, and did not, thereby, become the owner of the note, or take any interest whatever in it, or become entitled to the proceeds, or any part thereof, traversing the allegation that the plaintiff and McLaughlin assigned all or any part of their right, title, claim, or interest, to Adams, and that the plaintiff had no interest in the note at the time of pleading, or at the commencement of the suit, concluding with a verification. Demurrer to replication sustained, and judgment. The case came up by writ of error.

Purdy *vs.* Brown & Taylor.

*Pike & Baldwin,* for plaintiff in error. It is true, that, in an action by an *endorsee* or *payee,* a plea that, before suit brought, the plaintiff transferred the note to a third person, who, since then had been, and continued to be, the true and lawful owner of the note, is a good bar. But a replication that the suit is prosecuted in the name of the plaintiff, by or for the benefit of the true holder of the note, is good. *Waggoner vs. Colvin,* 11 *Wend.* 27. *Mauran vs. Lamb,* 7 *Cowen,* 176.

Where a note is merely endorsed to an agent, for collection, the endorser can sue without a re-assignment. The simple question is on the legal ownership. The possession of the note is *prima facie* evidence of this ownership, and must be rebutted by plea, stating, explicitly, such an assignment for consideration, as in law transfers the ownership to the endorsee, and gives him the exclusive right to control the proceeds. These facts are expressly denied by the replication, and of course it was good. The decisions of this court do not, in the slightest degree, conflict with these principles. *Dugan vs. The U. S.,* 3 *Wheat.* 172. *Piquet vs. Curtis,* 1 *Sumn.* 479. *Arnold vs. Bureau,* 7 *Mart.* 287. *Hill vs. Holmes,* 12 *Louis.* 96. *Perry vs. Gerbeau,* 5 *Mart., N. S.* 14.

*W. & E. Cummins,* contra, cited *Black vs. Walker,* 2 *Ark.* 4.

*By the Court,* Dickinson, J. The principle has already been decided by this court, in the case of *Block vs. Walker,* 2 *Ark.* 4, that, when an assignor assigns a note, all the legal interest vests in the assignee, and that he alone is entitled to sue, unless the assignor s againi invested with the legal interest by a new assignment or otherwise. As long as the assignment remains upon the note, no proof is competent to show legal interest in another, because under our statute, it is vested in the assignee.

Judgment affirmed.