Oldham J.- delivered the opinion of the court. Several questions are presented for the decision of this court by the record and assignment of errors in this case. These questions will be disposed of in the order in which they appear. It is insisted that the declaration is insufficient, as the breach in the second count does not negative the payment of the bond therein set forth to John Ringgold during the time he possessed it as assignee. The breach in that count alleges that the “defendants did not pdy the sum of fourteen hundred and eighty-six dollars and twenty-five cents in Arkansas funds, nor the interest that accrued thereon at the rate of ten per centum per annum from maturity until paid or any part thereof to said Edwin T. Burr, before the assignment by him to the said John Ringgold* nor before the said assignment by said John Ringgold to said plaintiff, nor to the said plaintiff since the assignment to him by the said John Ringgold, but so to do have hitherto wholly neglected and refused.” The breach does not either expressly or by implication deny payment to Ring-gold, while he held the note as assignee. It is clear from the language that the omission was a clerical misprision* It does not require argument or authority to prove that such a breach is insufficient, as it does not contain a full and complete denial of performance of the covenant on the part of the defendants. The second error assigned is that the court erred in striking out the first plea filed by the defendants, averring an assignment of the covenants set forth in the declaration to the Bank of the State of Arkansas. This plea is precisely the same as that filed in the case of Block vs. Walker, 2 Ark. 4, which was decided by this court to be a good plea in bar. Under the principles settled in that case this objection is well taken. The third and fourth errors assigned are that the court erred in sustaining the demurrer to Dickinson’s separate plea of performance, and quashed the plea when the declaration should have been adjudged insufficient. “ The plea of performance generally is only allowable when all the covenants are in the affirmative and comprehend a multiplicity of matters, which are general in their nature* as to return, all writs, account for all monies received &c. But if there be any thing specific in the subject, though consisting of a number of acts, they must all be enumerated, as on a covenant “to enfeoff all his lands,” the covenantor in showing performance must state them all. So, if a person be bound to pay “all legacies in a will” he must specify them all and aver payment of each: and the reason is, because all these facts are in the knowledge of the party. Story PI. 215, note; 292, note. The covenants sued upon in this ease are specific for the payment of certain sums of money in Arkansas funds, with interest thereon. A general plea of performance in such a case is not good; it should specially set forth the mode of performance ; consequently the demurrer to this plea was well taken. But according to the well settled rules of pleading, the demurrer should have reached back to the first error, and as the declaration, as has already been shown, contained a defective breach, it should have been adjudged bad, as the plea was a sufficient answer to a bad declaration. It is also contended that the circuit court erred in permitting the bonds with the assignments &c. declared on to be read in evidence upon- the trial. There- was no issue made up by the pleadings, by which the plaintiff below was required to produce or read the bonds in evidence. The- pleas filed by the- defendants,- upon which issue was taken, were in confession and avoidance, admitting the cause ©f action as set forth in the declaration and avoiding it by the introduction of new matter, to-wit: payment and accord and satisfaction. There was no issue upon any averment contained in the declaration, but only upon the pleas oí' accord and satisfaction and payment. The- burden of proof rested upon the defendants ; the plaintiff was not bound to prove a single allegation contained in- his declaration, as they were all admitted by the pleadings- upon the record.- If there- was- in truth such a variance between the bonds described in the declaration and those produced on oyer, the defendants should have set forth the bonds produced on oyer and demurreddor the variance, or they should have interposed a plea by which the plaintiff would have been under the necessity of producing the- bond's described in the declaration to sustain his action, when the- variance- could have been pointed out to the court- and advantage taken of it. It is also contended that the circuit court erred in permitting John Ringgold, the indorser, to testify. It is a clearly established rule of evidence that the indorser is a competent witness either forthe plaintiff or defendant. 4 Phill. Ev. 20. (Cow. & Hill Ed.) Bayley on Bills 422, and therefore Ringgold was a competent witness for either party. The last error assigned is that the court below erred in refusing to permit the defendants to prove on the trial that the bonds sued on were made by them, and were payable to Edwin T. Burr and Joseph Andrews, merchants and partners, doing business under the firm, name, style and description of E. T. Burr, and that they were not made to Edwin T. Burr, the plaintiff in this suit. The defendants by their pleadings admitted that the bonds were executed to Edwin T. Burr as averred in the declaration. Such proof would have been in contradiction of the admissions so made by the pleadings. “ In all cases of contracts, if it appear upon the pleadings that there are other obligees, covenantees or parties to the contract, who ought to be but are not joined in the action, it is fatal on demurrer, or on motion in arrest of judgment, or on error, and though the objection may not appear on the face of the pleadings, the defendant may avail himself of it by plea in abatement, or as a ground of nonsuit upon the trial upon the plea of the general issue.” 1 Chitty Pl. 7, 8. There are but two modes of taking advantage of the non-joinder of a party who should be made a plaintiff in actions ex contractu, where the objection does not appear upon the face of the pleadings. The defendant must either plead the non-joinder in abatement, or plead the general issue and avail himself of the omission as a ground of non-suit upon the trial. Neither of these modes was adopted by the defendants in this case. They neither pleaded the general issue, nor a plea in abatement, and there was therefore no issue to which the evidence offered would be applicable and it was consequently properly excluded by the court from going to the jury upon the trial. For the defective breach contained in the second count in the declaration, and the error in striking out the first plea of the defendant,averring an assignment of the bonds declared on to the Bank of the State of Arkansas, the judgment of the circuit court must be reversed, and the cause remanded with leave for the parties to amend their pleadings if they should desire to do so.