## DICKINSON ET AL. VS. BURR.

The obligor, or maker of assignable paper, being notified that one or more of the assignments, through which a plaintiff deduces his title to the instrument, are forged, ought, for his own protection, as against the true owner, to interpose the defence; but he cannot deny the assignment for any purpose, so as to put the plaintiff on proof of it, unless the plea be supported by the kind of affidavit prescribed by the statute.

The assignment of a writing obligatory to an agent for collection, does not divest the assignor of his interest in the instrument; but is merely an authority to the agent to receive payment: and the assignor, in such case, may sue in his own name, striking out or disregarding the assignment, or show that the endorsement was merely for collection, where no injury would result to the defendant. *Block vs. Walker*, approved: contra, *Brown vs. Purdy & Taylor*, 4 *Ark.* 535.

Although it is irregular to permit a party to read a paper referred to in the depositions taken by the opposite party, but not made a part thereof, yet if it is only corroborative of other competent testimony, it is not ground of new trial.

*Appeal from Jackson Circuit Court.*

Hon. B. H. NEELY, Circuit Judge.

BYERS & PATTERSON, and JORDAN, for appellants.

FOWLER and FAIRCHILD, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This cause was before this court at the January Term, 1846, reported in 2 *Eng.* 34, on appeal from Independence Circuit Court, and the venue, after the remanding of the cause, being changed to the county of Jackson, it was there finally tried and determined, upon the amended declaration filed by the plaintiff, Burr,

such of the previous pleas as were adjudged good by the decision referred to, and certain additional pleas interposed by the defendant, Ruddell. It will only be necessary to state so much of the proceedings as will explain the points argued and relied upon for the appellants in this court.

Burr was the payee of the two covenants sued on, which were executed by the defendants for certain sums of money to be paid in Arkansas funds, and he claimed title to them by virtue of his, assignment to John Ringgold, and a re-assignment of them from. John Ringgold to him. Among the additional defences inter-- posed by Ruddell, were two pleas denying the assignment and delivery of the covenants in question, from Burr to Ringgold, as alleged in the declaration. To these pleas, was appended an af-- fidavit, to the effect that they were true in substance and in fact.. On the plaintiff's motion, they were stricken from the files, upon the ground, that the affidavit was not in conformity with the statute, which provides that the assignee, suing upon assigned paper, shall not be required to prove the assignment, "unless the· defendant shall annex to his plea, an affidavit denying such assignment, and stating in such affidavit, that he verily believes that one or more of the assignments on such instrument of writing was forged." We may suppose it to have been the intention of' this statute to make the possession of any assignable instrument,. purporting to be regularly assigned, a sufficient authority to justify the obligor in paying it to the assignee, or recognizing him as the holder, except in case that any of the assignments, through which the holder derives title, are forged. In such case, the obligor, leaving out of view the question whether he is, or is not, required in every instance to inform himself of the genuineness of the assignments, if notified of the forgery, would be bound, for his own protection, as against the true owner, to interpose the defence in the manner required by the statute. With that exception, which is a reasonable one, the policy of the law is not merely to relieve the plaintiff from the necessity of making certain proofs, but to exempt and separate the obligor from contro-

versies between intermediate holders, respecting the validity or consideration of any one or more of the contracts of assignment, to which he is a stranger, thus leaving any such party aggrieved to pursue his own appropriate remedy. But it is not necessary to decide here, that the defence of the obligor, when sued by an assignee, is restricted to cases where an assignment, from or through which the plaintiff claims title, proves to be a forgery, and that the defendant has no further concern about the derivative title of the plaintiff; because, whatever may be the reason of the statute, the construction to be given to it is unavoidable' that the defendants below, in the present suit, were precluded from denying the assignment for any purpose, so as to put the plaintiff on proof of it, unless the plea be supported by the kind of affidavit prescribed. The defendants also pleaded, in substance, that the plaintiff had assigned and delivered the writings obligatory in question to the Bank of the State of Arkansas, whereby they became liable to pay the same to the Bank, and the plaintiff, at the time of the commencement of the suit, had no interest in them whatever; the plea being according to the precedent in *Block vs. Walker*, 2 *Ark.* 4, followed and adhered to in subsequent cases. The plaintiff replied traversing the fact of the assignment and delivery to the Bank, as alleged in the plea. This, with other issues, was submitted to the jury, who found for the plaintiff; and the case being considered as if no exceptions were taken during the progress of the trial to admissibility of evidence or instructions of the court, the only question upon the motion for new trial, is whether the verdict was warranted by the evidence.

It appears, that, before the obligations fell due, Burr deposited them with the Branch Bank at Batesville, of which Mr. Ringgold was cashier, for collection; and, for that purpose merely, the Bank having no beneficial interest in them. Instead of endorsing the paper in blank, as was customary with notes left for collection, Burr made his endorsement a special one: "To the order of J. Ringgold, Cash." Shortly after protest, Mr. Ringgold, with the approbation of Burr, received a partial payment in Arkansas

Bank notes, for which he transmitted a certificate of deposit to a firm in New Orleans, by direction of Burr. No further payments being made, the cashier subsequently re-delivered the writings obligatory to Burr, to whom they belonged, and who settled with the Bank the notarial fees and commissions for collecting. In June, 1843, Mr. Ringgold ceased to be cashier, under the liquidation act passed at the session of 1842, and was succeeded by another person, who took charge of the assets of the Bank under the title of Financial Receiver. In August, 1843, Burr struck out his endorsement to J. Ringgold, cashier; but, at some subsequent time, called upon Ringgold to re-assign the writings obligatory to him, which was done before the commencement of the present suit.

The record shows that the only contest, upon the merits of the case in the court below, was in regard to the amount of various partial payments in money and property, made by the defendants to the plaintiff, after the writings obligatory had been redelivered to him by the Bank, and which it is to be presumed was satisfactorily settled by the jury; so that the judgment belongs to that class, which appearing to be right upon the whole record, ought not to be reversed, because of the refusal of the court below to grant a new trial.

But, in consequence of the decision in *Brown vs. Purdy & Taylor*, 4 *Ark.* 535, summarily disposed of, on the authority of *Block vs. Walker*, it becomes necessary to notice those cases to which may be attributed the evident doubt and perplexity of the plaintiff, about the proper course to pursue, in order to recover for a breach of the contracts in question. The foundation, on which the decision in *Block vs. Walker* rests, is, that under the statute of assignments, the assignee, having the legal title and right of action, may, and must sue, and cannot sue in the name of any assignor, because it might have the effect to deprive the obligor or maker of the assigned instrument of the benefit of any equitable discounts or off-sets, or other defence he might have interposed against the last assignee, who should have been plaintiff in

the suit, and which defences are reserved to the maker or obligor by the terms of the statute. But in *Brown vs. Purdy & Taylor*, where, to a plea, like that in *Block vs. Walker*, the plaintiff replied that the note, upon which he brought suit, had been endorsed as alleged in the plea, but without any consideration, and for the purpose of collection merely, and was delivered to the endorsee as the plaintiff's agent, and that he thereby acquired no beneficial interest in it whatever, with a traverse of the allegation in the plea, that the plaintiff had assigned all his interest in the note to the person named, and had no interest in the same at the time of suit brought. The court held the replication to be no answer to the plea; because the assignor would only have been invested with the legal interest by a re-assignment, and that so long as the assignment from the plaintiff remained upon the note, no evidence was competent to show the legal interest to be in him. We are constrained to express our dissatisfaction with that case, and think a distinction is to be taken between it and *Block vs. Walker*, upon which it was made to rest. No doubt an assignment to an agent for collection, is an authority to him to receive payment and give a valid acquittance, as an agent may do any other act within the scope of his authority. In that view, the assignment to an agent is the same as if the owner of the paper had assigned it to himself, and a payment to the agent is a payment to the principal. The statute, which secures to the maker certain defences against the assignee, must intend that he is such assignee as acquired some beneficial interest in the assigned paper. Because, if he acted as agent, without deception or concealment, there is no reason why, as against him, the defendant should have any vested right of set-off, which he already has against the principal, and of which he could not be divested by any mere colorable assignment to an agent, or any third person without consideration, and for the purpose of cutting off some equitable defence. True the assignee, through an agent, may be *prima facie* the owner of the claim, and having the legal right may recover in his own name, when it would not operate to the

prejudice of the defendant, having just defences against the prin-
cipal. But we are at a loss to understand why the principal
may not sue in his own name, striking out or disregarding his
endorsement to an agent; or why he should not be permitted to
show that such was the nature of his endorsement in any case,
where no injury would result from it to the defendant. The gist
of the special plea in *Block vs. Walker*, as in the present case,
assuming the facts pleaded to be true, is not that the plaintiff
assigned the paper, because, before suit brought, it might have
come to him again by assignment; but it is, that by such assign-
ment, the plaintiff had parted with his title to the instrument, so
that he had no interest in it at the commencement of the action.
Here the issue was, whether there had been such an assignment
from the plaintiff to the Bank; and the proof abundantly shows
that it was properly found in favor of the plaintiff.

The defendants below reserved an exception to the ruling of
the court, allowing the plaintiff to read in evidence a letter or
memorandum from the cashier, addressed to Mr. Burr, in Octo-
ber, 1841, apprising him of the state of the business, the amount
collected, &c., and the amount he owed the Bank for fees and
commission. Mr. Ringgold had alluded to this letter in his depo-
sition, given on behalf of the defendants, but without incorpora-
ting or making it a part of the deposition as an exhibit. In point
of law, the ruling of the court may have been irregular, but as a
ground for new trial, the objection is not entitled to serious con-
sideration. The letter was only confirmatory of other competent
testimony in the case, and the admission or rejection of it, either
way, could not materially affect the result. Affirmed.