## TAYLOR ET AL. VS. COOLIDGE & CO.

It is error in the court to render judgment, by *nil dicit*, against the defendant, without disposing of a demurrer interposed to the declaration.

The right of action upon an assigned note is in the assignee; and if it passes into the hands of another without assignment or endorsement, he has but an equitable interest, which gives him the right to use the name of the assignee in bringing suit upon the note.

The payee and assignor of an instrument of writing, under seal, for the payment of money, may be sued jointly with the obligor, in an action of debt, by the assignee, on non-payment.

The defendants demurred to the declaration; their demurrer was overruled; they craved oyer of the instrument sued on; and again demurred, and set down for cause, that the declaration did not allege a delivery of the writing obligatory sued upon: HELD, That, as this cause did not grow out of the oyer granted, it should have been set down in the first demurrer.

The cases of *Byrd vs. Cummins*, 3 *Ark.* 394, and *Cummins vs. Woodruff*, 5 *Ark.* 117, as to the effect of oyer of the instrument sued on, and the right of the defendant to take advantage of a variance between it and the note as described in the declaration, cited.

The prayer and grant of oyer of the instrument of writing sued on, do not bring the assignments on the note, &c., upon the record: and if the defendant would take advantage of any defence, growing out of the assignments, he must crave oyer of them.

*Appeal from Phillips Circuit Court.*

Hon. CHARLES W. ADAMS, Circuit Judge.

J. C. PALMER and WATKINS & GALLAGHER, for appellants.

CUMMINS, for appellee.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt, brought by the appellees, to the November term of the Phillips Circuit Court, 1854. The action was founded on a writing obligatory, described as bearing date

22d of September, 1853, and payable one year after date, made by Taylor, one of the appellants, payable to Rightor, the other appellant, and by him endorsed.

Without craving oyer of the writing sued on, the appellants demurred to the declaration, and set down for cause: "That there is a misjoinder of parties in said declaration, the said Taylor being originally, and the said Rightor, (if at all,) only collaterally, liable.

This demurrer was considered and overruled by the court, for which the appellants excepted.

The appellants then craved oyer of the writing sued on, which was granted by exhibiting the original, and by filing a copy thereof, in these words.:

"$1,000.

One year after date, I promise to pay William R. Rightor or order, the sum of one thousand dollars, for value received. Witness my hand and seal, this 22d September, A. D. 1853.

SIGNED,          JOHN Q. TAYLOR, [SEAL.]"

*Endorsed:* "Pay to Myrtle, Moore & Co," signed, "WM. R. RIGHTOR," and with this memorandum subjoined: "I waive the necessity of having notice served on me, in the event the within note not paid at maturity.

SIGNED,          WM. R. RIGHTOR.

*September 20th,* 1854."

The appellants, on oyer being given them as above, again demurred to the declaration, and set down as causes: "1. That said declaration does not allege a delivery of said writing obligatory, by the said Rightor, to the said Myrtle, Moore & Co., nor a delivery by the said Myrtle, Moore & Co., to the said plaintiffs.

2. That there is a variance between the instrument sued on, and described in said declaration, and the one given on oyer, in

this: that the instrument is described in said declaration as being made and dated, 22d *September*, 1854, and that exhibited on oyer, bears date the 22d *September*, 1853," &c.

It does not appear from the transcript in this cause, that the court below took any action upon the last demurrer filed by the appellants to the declaration of the appellees: but proceeded without disposing of such demurrer to render judgment, *nil dicit*, against appellants, and in favor of appellees, for the amount of the writing obligatory set out above, and interest and costs of suit. From this judgment appellants appealed, upon which the cause is now depending in this court.

The assignment questions the propriety of the ruling of the Circuit Court, both as to the two demurrers, and the rendering of final judgment, without disposing of the last demurrer by them interposed.

1. It appears by the transcript in this cause, that the court below proceeded to render judgment, *nil dicit*, against appellants, without disposing of the demurrer interposed by them to the appellees' declaration. This was certainly irregular. The court ought not to have proceeded with the cause until all the issues of law, raised upon the record, were determined. See *Hicks vs. Vann*, 4 *Ark. Rep.* 527; *Cole & Severs vs. Wagnon*, *adm.*, 2 *Ark. Rep.* 155; *Reed et al. vs. State Bank*, 5 *Ark. Rep.* 197; *Boyer vs. Robinson*, 1 *Eng. Rep.* 552; *Stone vs. Robinson et al.*, 4 *Eng. Rep.* 477; *Hammond vs. Freeman*, *Ib.* 67; *Yell*, *Gov. &c., use Conant & Co. vs. Outlaw et al.*, 14 *Ark. Rep.* 623; *Finn, adm. vs. Crabtree, adm.*, 7 *Eng. Rep.* 598; *Harper vs. Bondurant*, 7 *Sm. & Mar.* 397; *Hyfron vs. Mi. Union Bank*, *Ib.* 434; *Templeton vs. Planters Bank*, 5 *How. Mi. Rep.* 169; *Tomlinson vs. Hoyt*, 1 *Sm. & Mar. Rep.* 515; *Gwinn vs. Mc Conall*, *Ib.* 351; *Bailey vs. Gaskins*, 6 *How.* 519.

2. It is insisted for the appellants, that the judgment of the Circuit Court is clearly erroneous, for the reason that the writing obligatory exhibited on oyer, does not contain any evidence, in-

trinsic, to show that the appellees had the legal title therein, or the right to sue thereon. It is manifest, from the transcript, that the right of action on the writing obligatory set out, was in the endorsees of Rightor, the payee, *to wit:* Myrtle, Moore & Co. If the appellees had any interest in this instrument, as far as the transcript indicates, it could have been none other than what they may have acquired by its delivery from Myrtle, Moore & Co., which was only an equitable interest, giving them the right to use the names of their equitable assignors, to enforce payment from the original parties, by a suit to their use. See *Block vs. Walker,* 2 *Ark. Rep.* 10; *Dickinson et al. vs. Burr,* 15 *Ark. Rep.* 372; *Worthington vs. Curd, Ib.* 492.

3. It is also insisted by the appellants, that the court below erred in overruling their first demurrer interposed to the declaration, and we are referred to *Anderson vs. Yell,* 15 *Ark. Rep.* 13, to sustain this position on their part. It will be necessary for us to consider that case, in connection with our statute of assignments, which is, in part, in these words: "All endorsers or assignors of any instrument in writing, assignable by law, for the payment of money alone, on receiving due notice of the non-payment or protest of any such endorsed or assigned instrument in writing, shall be equally liable with the original maker, obligor or payor of such instrument, and may be sued for the same at the same time *with the maker, obligor or payor thereof,* or may be sued *separately.*" See *Digest, chap.* 15, *p.* 163, *sec.* 9.

In *Anderson vs. Yell,* the form of action pursued was debt: the instrument declared on, a promissory note; and the parties sued, the payor and endorser of the note. The court seemed to question the form of action pursued in this case, and intimate that the action should have been *assumpsit* instead of *debt.* Whether this intimation was made considerately, and with due regard for the section of our chapter of assignments, which we have copied above, we are unable to say. If founded on the common law, there can be no question, but that the proper action in that case would have been *assumpsit,* for the reason, as it

30c

is said, there is no privity between the payor of the note, and the endorsee, the contract between them being an implied one, by relation. But it is conceived, though with great deference and respect for the intimation thrown out in *Anderson vs. Yell*, that our statute changes, in effect, the rule of the common law in this respect, and authorizes the assignor or endorser to be sued in the same form of action, which existed as a remedy in favor of the payee against the maker or payor, or otherwise the law could not be general in its application to the different kinds of instruments for the payment of money, made assignable by the the statute: as, for instance, those under seal, (such as the one in this case was,) and those not under seal. In the former, assumpsit would not lie at the common law, in favor of the payee against the maker or payor, and we know of no statute which changes the rule of the common law, and would authorize assumpsit to be brought on such an instrument, at the suit of the endorsee or assignee, against the payor or maker, and assignor or endorser conjointly. If assumpsit is the *only* remedy in favor of the assignee or endorsee against the payor or maker of a note, and that remedy is not authorized in case of a bond being the foundation of an action, whether at the suit of the original party, or his assignee, it follows as a corollary, that the assignee of a bond for the payment of money, notwithstanding the statute, could not sue the obligor and assignor, " at the same time with each other," but would be compelled to adopt the other alternative authorized by the statute, *i. e.*, sue them "*separately.*"

We do not think, however, that *Anderson vs. Yell*, when taken entire, and when critically examined, will justify the construction which the counsel for the appellants would give to it, in its application to the position assumed in this cause. We infer from the tenor of the whole case, that the court only intended to be understood as saying that *assumpsit* would have been the more appropriate remedy in that instance, and in this we most cordially concur, for this would be consistent with both the rule of the common law, and the spirit and meaning of our statute:

the effect of the latter being to change or alter the common law rule, only, so far as should be absolutely necessary to give force and operation to itself: leaving existing remedies unaltered and unmolested, when applicable and effective. We, therefore, hold that the court below did not err in overruling the appellants' demurrer, first interposed to the declaration in this cause.

4. It is also assigned as error, that the court below erred in not acting upon and sustaining the demurrer of the appellants, interposed after oyer had been craved of the instrument sued on. As before shown, two grounds or causes are assigned in the demurrer.

We will proceed to consider of those causes.

1. As to this, we shall only say, that if the cause or ground assumed were good or tenable, it should have been set down in the first demurrer, as it did not grow out of, or result from the oyer which was given of the instrument sued on. Not having been taken in the first demurrer, it must be intended that the ground was waived, or else the defect cured by operation of our statute of *Jeofails* and *Amendments*. See *Digest, chap.* 126, *secs.* 61, 62; *Keith vs. Pratt,* 5 *Ark. Rep.* 662.

2. It must be remembered that this ground of demurrer was not assigned until after the appellant had craved oyer of the instrument sued on, and the same made a part of the roll in this cause. The effect of the prayer of oyer, is, to present the instrument itself, literally, instead of the allegations in the declaration, from which the liability of the party is to be determined.

In the case of *Byrd vs. Cummins,* 3 *Ark. Rep.* 394, this court, by DICKINSON, Judge, said: "The argument, that the defendant below could not avail himself of the oyer given, is untenable. It was granted by the plaintiff, and the defendant is entitled to take the whole instrument as a part of the plaintiff's pleading."

In *Cummins vs. Woodruff,* 5 *Ark. Rep.* 117, the action was debt, the plaintiff counting on a bond and note. Defendant craved oyer of both, which was granted by filing two instruments with the word "*seal*," surrounded by a scrawl opposite

each signature. No step was taken by the defendant after the grant of oyer as above, but judgment, *nil dicit*, was rendered. The cause was brought up on error to this court. The opinion of the court was delivered by PASCHAL, Judge, who said: "The instrument declared on as a promissory note, is a writing obligatory, according to the doctrine of this court. The instrument was made a part of the record by filing the original, as settled by this court, in the case of *Hanly vs. R. E. Bank*, 4 *Ark. Rep.* 598, without making it any part of the pleading. The variance would therefore have been fatal, *had the defendant demurred to the declaration, for the variance between the count and the writing given on oyer*." And again, in the same case, this court say: "When oyer of the instrument was given, it became a part of the pleading: and the only legal way known to us, of objecting to the instrument, would have been by demurring to the declaration for such variance, and specially pointing out the objection. The declaration would have then been amendable on such terms as the court would have deemed just. But the defendant having failed to point out the variance, he consented to the instrument being read as evidence, although misdescribed."

In the case before us, the appellants demurred to the declaration of the appellees, after oyer granted, and assigned as ground in support of such demurrer, that there was a variance between the declaration and the instrument given on oyer, in this: that the declaration describes it as bearing date 22*d September*, 1854, and the instrument in oyer bears date, 22*d September*, 1853. If this were true in point of fact, there can be no doubt but that the variance would be fatal. But, on inspection of the transcript, we find no such variance. The instrument, as described in the transcript of the declaration, bears date the 22*d September*, 1853, and that is the date of the instrument copied in the transcript as having been granted on oyer in the court below. We suppose the counsel in the court below must have been mistaken as to this fact, or else the clerk has not been faithful in his transcript. We are bound to presume in favor of the fidelity of the officer.

5. It is insisted on the part of the appellants, that the instrument given on oyer, fails to show any title in the appellees. This is true in point of fact, but oyer was not craved of the assignments, of which profert was made in the declaration. The transcript, however, purports to set out the assignment from Rightor to Myrtle, Moore & Co., and omits the one averred from Myrtle, Moore & Co. to the appellees. We know of but one way in which the fact of the assignments could have been made to appear on the record, and that was by craving oyer of them. The fact of the assignments was wholly a question of evidence, and had the demurrer last interposed been disposed of, before the judgment of *nil dicit* was rendered against the appellants, the default of the appellants authorizing that judgment, would have been a virtual confession of the entire declaration. As the fact is, we hold the judgment of *nil dicit* irregular, for the reasons before herein assigned.

Several other questions are presented in the appellants' brief, which we do not consider necessary to notice in view of the disposition we shall make of this cause.

Upon the whole record, we are of the opinion, that there is error in the judgment of the Phillips Circuit Court, in this behalf: that the court proceeded to render final judgment in favor of the appellees and against the appellants, without disposing of the issues of law presented by the demurrer of the appellants, interposed after oyer craved of the instrument sued on. Wherefore, the judgment is reversed, and the cause remanded to be proceeded in.

Absent, Mr. Justice SCOTT.