## COWSER vs. TATUM.

A note payable to A. B. or Bearer, and endorsed in writing by the payee to a third person, may pass by delivery, and the holder may sue the maker in his own name as such.

*Appeal from Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GARLAND & RANDOLPH, for appellant.

Mr. Justice COMPTON, delivered the opinion of the court.

This suit was brought by Tatum, the holder, against Cowser, the maker of a promissory note, payable to James Grambles or *bearer*, and transferred by endorsement in writing to William J. Locke.

It is insisted for Cowser, that although the note was transferable by delivery merely, and might have so passed to Locke, yet, having been transferred to him by indorsement, it could not after-

wards pass by delivery to Tatum so as to enable him to sue in his own name. To this proposition we do not assent. It is the better opinion, both upon principle and by authority, that where a note, as in this case, is originally payable to bearer, and is indorsed, the holder may, as against the maker, declare upon it as bearer, or as indorsee, at his election. (*Story on Prom. Notes* (4th ed.,) sec. 132; and if, as bearer, he may sue the maker, no good reason is perceived why he may not, as bearer, transfer the note by delivery. The indorsement of such a note does not destroy its negotiability by delivery. The holder may, at his option, act either as indorsee, or as bearer, in suing the maker, or in transferring the note to a subsequent holder.

The principle in *Block vs. Walker*, 2 *Ark.* 4, has no application to this case. There, the instrument sued on was not a promissory note payable to bearer, but was a common money bond, which, under our statute, was transferable by assignment only.