LITTLE
ROCK,
July, 1838.

GAMBLIN,
and others
*vs.*
WALKER

THOMAS GAMBLIN, AND OTHERS, *against* JAMES H. WALKER, FOR

THE USE OF, &c.

*APPEAL from Hempstead Circuit Court.*

The law of assignments in the territorial digest is not declaratory of the law, but introductory of a new rule.

It creates a privity of contract between the assignee and obligor or promisor.

The assignor of a bond negotiable by statute, is not competent to sue in his own name, to the use of the assignee, and in such suit a plea alleging that the bond was assigned before the institution of the suit is good, and this is the law, whether the bond be payable to order or not.

This was an action of debt brought in the court below by *James H. Walker*, for the use of *Nicholas T. Perkins*, against *Thomas Gamblin*, *Abner Moren*, and *William McAlce*, on a writing obligatory for the sum of one hundred and thirty dollars.

After a motion to quash the writ, the defendants below craved oyer of the writing declared on, and on oyer it appeared that there was an endorsement on the writing, assigning the same to *N. T. Perkins*. The defendants then pleaded two pleas, substantially the same, and alleging that after the making of the writing, and before the commencement of the suit, the plaintiff had assigned the same, and thereby parted with all his interest therein. To each plea the plaintiff demurred, and each demurrer being overruled, judgment was thereupon rendered for the plaintiff upon the demurrer, and from this judgment the defendants below appealed.

TRAPNALL and COCKE, for the appellants:

The statute of assignments will be found in McCampbell's Digest, p. 74, and is analogous in its provisions, to the statutes of other states. By the assignment, the assignor conveys the legal interest, as well as the legal right to prosecute the action, to the assignee. This is a well settled principle. *Hardin*, 561, *Nayfing* vs. *Wells*. This case covers the whole ground, and is conclusive as to every point in the cause. If the assignment be made before trial, the plaintiff and assignor will be non-suited. 1 *Marshall*, 555, *E. Hall* vs. *Gentry*. The pleas are in bar, and show the plaintiff had no right of action, but that it was communicated by the assignment to the assignee. The assignor of a writing by law made assignable, has no interest in law or equity. The suit

must be brought in the name of the person who holds the legal interest. See 1 *Chitty*, p. 2 and 3.

LITTLE ROCK, July, 1838

GAMBLIN, and Others *vs.* WALKER

It may be said the words of the statute are not compulsory but permissive; that the assignee may sue in his own name. But the statute does not say the assignee may sue in his own name. See *Hardin*, 564.

SCOTT, *contra.*

The question which presents itself for the consideration of the court, is, whether the present action should be carried on, in the name of *James H. Walker*, he having no interest at present, in the claim or demand for which this suit was instituted. There was no such assignment, transfer or endorsement, as is required by our statute, upon the cause of action in this case, as to enable *Perkins* to bring suit in his own name. See *Digest, title assignments.* The transfer or assignment, as appears from the record of the cause of action, was by parol, and vested in *Perkins* a mere equitable interest, which could only be sued for in the name of the assignor. See *Johnson's Reports, vol.* 19, *p.* 95, as to the effect of parol assignments. See also, *Chitty on Bills, p.* 7, 8, *Note* 1; *Chitty's pleading, vol.* 1, *p.* 16; *Selwyn's nisi prius, vol.* 1, *p.* 242, *Note a*; *Johnson's Digest, vol.* 1, *p.* 53, as to equitable assignments.

The cause of action in this case is not transferable so as to vest the legal interest in the assignee; it is payable to *Walker* alone, and wants the operative words of transfer. *Chitty on Bills, p.* 66–108.

If this action is not well brought in the name of *Walker*, still the appellants' pleas are defective. The declaration on its face exhibits an assignment of the cause of action to *Perkins*. If he erred in bringing his suit in the name of *Walker*, advantage could only have been taken of it by demurrer, or by a plea in abatement, alleging the disability of *Perkins* to sue in the name of *Walker*, he, *Perkins*, being the actual plaintiff in the case. The appellants cannot defeat this action by showing a want of interest in the nominal plaintiff. *Chitty's Pleadings, vol.* 1, *p.* 17, *note* 2, referring to *Alsop* vs. *Cains;* 10 *Johnson*, 400; *Raymond* vs. *Johnson*, 10 *Johnson*, 488.

The statute of July 3, 1807, which gives to the assignee of bonds, &c., the right to sue in his own name, is enlarging in its operations, and does not take from him the right to sue in the name of his assignor. Its object is to guard against the inconvenience which might fall upon the assignee by the death of his assignor. It leaves it still optional with the assignee

M

LITTLE
ROCK,
July, 1838.

GAMBLIN
and Others
vs.
WALKER

to sue in his own or in the name of his assignor as may best subserve his interest.    Such, at least, have been the decisions upon a similar statute in Virginia.    See *Henning's Statutes*, vol. 12, *p.* 359; *American Digest*, vol. 5. *p.* 39.

The assignment of a bond to pass the legal interest therein must be by writing under seal.

DICKINSON, *Judge*, delivered the opinion of the court:

This is an action of debt brought by *Walker* for the use of *Perkins*, on a writing obligatory.    The defendants put in two pleas: that the writing declared on had been assigned to *Perkins*, before the institution of the suit, to which there was a demurrer sustained, and judgment given for the appellee, from which the defendants below appealed.

The error assigned, questions the correctness of the opinion of the court in sustaining the demurrer.

As the demurrer brings before the court the whole state of the pleadings, at least as far as is necessary, it is proper to enquire into the sufficiency of the pleas, as a bar to the action.    And as the writing declared on, was not payable to order, the enquiry involves the consideration of the statutory provision, which authorizes the assignment, and which declares "that all bonds, bills and promissory notes, for money or property, shall be assignable, and the assignee may sue for them in the same manner as the original holder may do, and it shall and may be lawful for the person to whom the said bonds, bills, or notes are assigned, made over, and endorsed, in his own name, to commence and prosecute his action at law, for the recovery of the money mentioned in such bond, bill or note;" and the act further declares that, " it shall not be in the power of the assignee after assignment made as aforesaid, to release any part of the debt or sum really due by the same bonds, bills or notes."    See *McCampbell's Digest*.    This act does not profess to be declaratory of what was the law, but plainly importing to be introductory of a new rule.    We must so consider it, and ascertain whether this is a case in which it can, and ought to have effect.    In determining this question it is only necessary to enquire in whom the legal interest is vested, for if *Walker* is permitted to sue in his own name, he can control the obligation, release the claim, and place himself in such a position that notwithstanding he has passed away his interest, he could in the face of the statute, release " any part of the debt or sum really due."    And the plaintiff, by demurring to the defendant's pleas,

admits the fact of the assignment. The statute creates a privity of <span>LITTLE ROCK,</span> contract between the parties, and *Walker*, by his demurrer, admits the <span>July, 1838.</span> legal right to be in another, and sueing as trustee, places him in no <span>GAMBLIN, and Others</span> better situation. We cannot perceive that any injury can arise from <span>*vs.*</span> requiring the real owner to bring his suit, and stand bound for the con- <span>WALKER</span> sequences. And great inconvenience might result from permitting an action to be brought in the name of a nominal plaintiff, who may or may not be responsible for costs. It is clear, that the assignor of a bond, negotiable by the statute, is not competent to sue in his own name to the use of the assignee. See 1 *Marshall*, 555; 1 *Chitty*, 2, 3; *Hardin's Rep.*, 564.

If the defendants below were prepared to support their pleas, and show that the plaintiff had parted with his interest, they had a right to do so.

We are of opinion, that the court erred, in sustaining the demurrer. The judgment of the Circuit Court of Hempstead County, must therefore be reversed with costs, and this case be remanded for farther proceedings to be had, not inconsistent with this opinion.

The same opinion was given in the cases of *William M. Burton* and *Abraham Block* against *Walker*, for the use of *Perkins; McAtee and Others* against *the Same;* and *Lowe and Others* against *the Same;* these cases being precisely similar to that reported above.