## ROANE ET AL. *vs.* LAFFERTY ET AL.

It is a well settled rule in pleading, that a legal right in all the plaintiffs must be shown, against all the defendants: and unless this be shown it is a fatal defect.

The legal interest in a note cannot be divested, but by an assignment. *Gamblin et al. vs. Walker*, 1 *Ark. Block vs. Walker*, 2 *Ark.*, cited and affirmed.

The Real Estate Bank, by assignment, vested the legal interest in a promissory note in fifteen trustees; which, though they hold only as trustees, yet the legal interest is vested in them, and can only be divested by assignment: and on the death of one of their number, the right of action survives to the others living.

The successor of one of their number who is dead, or has been removed, has no right of action at law upon such note.

THIS was an action of debt, determined in the Van Buren Circuit Court, in October, 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. Sam C. Roane, Ebenezer Walters, Lambert Reardon, Henry L. Biscoe, William F. Moore, John Preston jr., Anthony H. Davies, Sandford C. Faulkner, Silas Craig, George Hill, Enoch J. Smith, James H. Walker, Lorenzo N. Clarke, John Drennen, and Robert S. Gibson, as trustees and assignees of the Real Estate Bank, and as successors and survivors of Carey A. Harris, deceased, and of James S. Conway and Daniel T. Witter, removed, sued John L. Lafferty, Charles R. Saunders, and Thomas Carpenter. The declaration, so naming and describing the plaintiffs, stated the execution, by defendants, Feb. 16th, 1841, of a note to the bank, (of which profert is made) due 125 days after Feb. 17, 1841, for $110. It then alleged, that on the 2d of April, 1842, the bank, by deed of that date, "and by endorsement on said note then made by Thomas W. Newton, cashier of the principal bank of said bank at Little Rock, and then the agent of said bank, authorized in that behalf, assigned and transferred said note" to the plaintiffs, Roane Biscoe, Moore, Preston, Davies, Faulkner, Craig, Hill, Smith, Clarke, Drennen, and Gibson, and to said Harris, Conway, and Witter, "as trustees of said bank, and to their successors and survivors in said trusteeship," of whom the plaintiffs are successors and survivors. The breach is ample and sufficient. The suit was discontinued as to Carpenter, not served, and demurrer by Lafferty sustained; whereupon it is considered by the court, that said declaration be, and the same is hereby, quashed;" and defendants go without day, and recover costs. The plaintiffs appealed. The grounds of demurrer alleged are, that there is no profert of the assignment; that plaintiffs have no right to sue, no cause of action set out in declaration; and declaration otherwise insufficient, uncertain and void.

*Pike & Baldwin,* for appellants.

By the Court, RINGO, C. J. The assignment of errors questions the correctness of the judgment on the demurrer. From the view which we have taken of the subject, it is only necessary to notice the

second ground specially assigned in the demurrer, which distinctly involves the legal right of the appellants, as shown by the pleading, to the debt demanded, and the legal liability of the appellees to pay it to them. We consider it well established, as a general rule in pleading, that the plaint must show in all of the plaintiffs a legal right to demand against all of the defendants, the right, or thing sued for, and sought to be recovered, by the action; otherwise it is fatally defective, and, on demurrer thereto, must be adjudged bad. In this case the appellants, claim to derive title to the note, which is the foundation of the action, from the bank, the payees therein named, by an assignment thereof, by her made to twelve of them, and to three other persons, as survivors and successors, of whom they sue. The note being assignable by the statute, *Rev. St. Ark.*, *chap.* 11, *sec.* 12, the assignment thereof, according to the uniform course of the adjudication in this court, vested in the assignees the legal interest in, and right of action on, the note; which could not be divested, otherwise than by a new assignment thereof by them, to some other persons, or party. *Gamblin et al. vs. Walker*, 1 *Ark. Rep*. 220. *Block vs. Walker*, 2 *Ark. Rep.* 4.

The legal interest therefore, in the note in question, becomes, by the assignment thereof by the bank, vested in the fifteen persons to whom it was assigned, and could only be divested, by their assignment to some other party or persons; and it makes no difference whether the assignment was made to them as trustees or otherwise, because the legal title is vested in them in either event, and must in either be divested in the same manner; and although the right so vested would, by operation of law, survive to the remaining assignees, upon the death of one or more of them, yet we are not aware of the existence of any law, transferring it, or authorizing its transfer, to any successor of any assignee, who may have died, or have been removed, even though the right to control the note, and receive and dispose of the money, should be vested jointly in the survivors and successors of the assignees, a question about which we express no opinion, as it is in no wise, as we conceive, involved in the decision of this case. The legal right in the note, as shown by the pleadings, is, in our opinion, vested in all of the surviving assignees; who alone, for aught

that appears in this case, are entitled to maintain an action at law upon it: consequently no legal title in the note is, by the pleadings, shown to be in three of the appellants, to wit, the successors of the assignee who is stated to be dead, and those said to be removed; and for this defect, the demurrer to the declaration was well taken, and judgment thereupon rightly pronounced against the appellants. The judgment of the circuit court must therefore be, and it is hereby, in all things affirmed with costs.