## LAFFERTY *vs.* RUTHERFORD.

Where a party asks the court to instruct the jury that the demand offered in evidence, is not sufficient to warrant a recovery, the court should examine the law arising upon the record, and if the plaintiff has no cause of action, the jury should be so instructed.

The payee of an instrument assigned, cannot maintain an action thereon, in his own name.

By our statute, the assignee is substituted in the place of the payee.

The assignment passes the legal title, and the assignee cannot pass the same in any other manner than that by which he acquired it.  *Gamblin vs. Walker*, 1 *Ark.* 220. *Affirmed.*

THIS was an appeal from a justice of the peace determined in the Carroll circuit court, before the Hon. Jos. M. HOGE, one of the circuit judges, in December, 1843. Rutherford sued Lafferty. The cause of action was, "Rec'd. of John H. Rutherford, two hundred and twenty-five dollars for corn, at 37½ cents per bushel, which I do promise to deliver on the river bank, when called for.  January 25, 1838," and si gnedby Lafferty. On the back, was a credit as follows, "Rec'd. on the within five hundred bushels of corn.  March 19, 1838," signed by Rutherford; also endorsed was, "For value received, I assign the within to Thomas Callan, this 16th day October, 1841," signed also by Rutherford.

The justice gave judgment for Rutherford and Lafferty appealed. In the circuit court the case was tried by a jury who found for Rutherford $39 75.  At the trial, Lafferty moved the court among other things, to instruct the jury, "that the demand offered in evidence, was not sufficient to warrant a recovery." The instruction was refused and he excepted, and set out the evidence and other instructions in his bill of exceptions; but as no other point is referred to in the opinion of the court, the other facts are not stated.  Lafferty brought error.

*Fowler*, for plaintiff.

*Oldham*, for contra.

*By the court,* SEBASTIAN J.  In the examination of this cause many questions are presented, which it is unnecessary to decide.  We con-

fine ourselves entirely to one, which alone will decide the fate of the cause, and which, although not in express terms discussed in the circuit court; yet as it is presented by the record, we are not at liberty to decline it. Among other instructions which were asked by the defendant, the court refused to give the following, "that the demand offered in evidence is not sufficient to warrant a recovery." Under this the court should have examined the questions of law arising upon the record, and if it appeard that the plaintiff had no cause of action, the jury should have been so instructed. The written undertaking or contract, for the delivery of corn to the plaintiff was introduced in evidence, as well as the assignment thereon to Callan, for whose use the action was brought. This assignment was upon the instrument sued on, as the basis of the action, and was evidently regarded as a mere declaration by the plaintiff, that Callan was the beneficial owner of the contract. This mistake, as to the law by the parties, cannot alter or prejudice their rights, nor does it render the proceedings more regular, that the point was not expressly insisted on by the defendant.

By the *Rev. Stat. ch.* 11, *sec.* 1, it is enacted that, "all bonds, bills, notes, agreements, contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable." And the assignee may sue for the same in his own name, as assignee thereof in the same manner that the original obligee or payee might or could do." It is clear that this is a contract in writing for property, upon which an action would lie, previous to the passage of the statute, by the original payee. The effect of the statute is to substitute the assignee to the rights of the assignor, and he may resort to the same form of remedy, and sue in the same manner. By the assignment, the legal title passes to the assignee, who is then clothed with the right of action, and who cannot divest himself of it, except by the same means, by which he acquired it. This principle has heretofore been held by this court, in *Gamblin vs. Walker,* 1 *Ark. Rep.* 220, in which the question was fully examined and decided. According, therefore, to this view of the case, the legal right of action at the time of the commencement of this suit was in Callan, and not in Rutherford. This disposes of the case without examining any other questions upon the proceedings below. Judgment reversed.