Maclin, delivered the opinion of the court. The first and second causes assigned for error, question the sufficiency of the declaration, because, it appears upon its face that the Real Estate Bank, by deed bearing date the second day of April* 1842, assigned the note upon which this suit was brought to certain persons therein named as trustees, and that afterwardss, a part tif the persons to whom the note was thus assigned, and certain-, ether persons having no legal interest in the note, assigned the samó-te the defendant in error, and that three of the persons in whom the legal interest in the note vested by virtue of the assignment by the bank, did not assign their interest in the note. This question we consider as fully settled and determined in the case of Roane et al. vs. Lafferty et al. 5 Ark. Rep. 465. In that case it was held that, “the legal interest in the note in question, became by the assignment thereof by the bank, vested in the fifteen persons to whom, it was assigned, and could only be divested by their assignment to-some other party or persons. That the legal right in the note, as shown by the pleadings was vested in all the surviving assignees,who alone; for ought that appears in the case, are entitled to maintain an action upon it, and that therefore, no legal title in the note is shown by the pleadings to be in three of the appellants, to wit the successors of the assignee who is stated to be dead, and of those, said to be removed.” Three of the trustees and assignees, of the bank not having joined in the assignment and parted with their interest, the assignment-, to Denton was imperfect and incomplete, and did not vest in him a right ot action against the plaintiffs in error, for the recovery of the amount of the. note. The persons under and through whom-he claimed to derive his interest in the note as assignee, did not possess such an interest in themselves as would authorize them to maintain an action in their own names irrespective of their co-trustees, in the. deed of assignment, as decided in the case of Roane et al. vs. Lafferty et al.: and therefore could not by their assignment to Denton, vest in him an interest more extensive than that possessed by themselves, or confer upon him a right of action which they themselves did not possess. This question finally disposes of this case, and it is therefore unnecessary to determine the other questions raised by the assignment of errors. Let the judgment of the circuit court of Independence county be-reversed.