GRAY AND OTHERS *vs.* THE REAL ESTATE BANK.

It is a good plea in bar, *puis darrein continuance*, in a suit on a bill, that the instrument has been, since the commencement of the suit, assigned, transferred, made over, and delivered to a third person by the plaintiff, for value received; with a traverse that the plaintiff has any right or title to the bill.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in December, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The Real Estate Bank sued Gray and others to September term, 1841, on a bill of Exchange. At that term, the defendants, Turner, Bozeman, and McCargo, pleaded the general issue, to which the plaintiff joined; and the Court set aside the return of the sheriff, on the original summons, so far as it purported to show any service on Gray and Buckner, on their motion, awarded an alias writ against them, and continued the case until the next term. At the March term, 1842, the alias summons was returned executed, on both Buckner and Gray, but it appeared to have been served on the latter, within fifteen days next preceding said term; at which it was not shown, by the transcript of the record, that any further proceeding whatever was had in the case. Consequently, it stood continued, by operation of law, in this situation, until the September term, 1842, when all of the defendants pleaded jointly, " that the said plaintiff ought not further to maintain this action against them, because they say that, since the commencement of this suit, and since the first day of the term of this Court, which was begun and held on the first Monday in March, A. D. 1842, from which time until the first Monday in September, A. D. 1842, this cause is continued, and before this

day, to wit: on the 2d of April, A. D. 1842, at the county aforesaid, the said plaintiff assigned, transferred, and made over, unto James S. Conway, Sam C. Roane, Carey A. Harris, Daniel T. Witter, George Hill, Enoch J. Smith, Henry L. Biscoe, William F. Moore, John Preston, jun., John Drennen, Robert S. Gibson, Lorenzo N. Clarke, Sanford C. Faulkner, Anthony H. Davies, and Silas Craig, the said bill of exchange, in writing, mentioned in said declaration, for value received, and then and there delived the same to them, who then and there acquired thereby, and still have, the vested right to sue for and implead the said defendants, of the said bill of exchange, and whatever of damages, interest, costs, and charges, that may have accrued thereon, without this, that the said plaintiff hath any present legal right or title in or to the said bill of exchange; and this the said defendants are ready to verify; wherefore, they pray judgment if the said plaintiff ought further to maintain her action against them."

To this plea, the plaintiff demurred; and assigned specially, for causes of demurrer, 1st, that the assignment, by the plaintiff, of the writing sued on in this case by the defendants, above pleaded, is not a bar to the further prosecution and maintaining, by the plaintiff, of this suit against the defendants; 2d, that the plea, by the defendants above pleaded, is in other respects uncertain, informal, and insufficient in law," &c. Demurrer sustained, judgment thereon, and writ of error.

*Ashley & Watkins,* and *Trapnall & Cocke,* for plaintiffs in error.

*Pike & Baldwin,* contra. It is a very ancient rule of the common law, that choses in action were not assignable, the founders of which refused to sanction or give effect to the transfer of any possibility, right, or any other *choses in action,* to a stranger, on the gound that such alienations tended to increase maintenance and litigation, and afford means to powerful men to purchase rights of action, and thereby to oppress indigent debtors, whose original creditors, perhaps, would not have sued them. *Co. Lit.* 214, 365, *a, n.* 1; 232, *b, n.* 1. 2 *Rol. Ab.* 45, '6. *Godb.* 81. *Scholey vs. Daniel,* 2 *B. & P.* 541.

At what time this doctrine, which, it is said, had relation, originally,

Gray et al. *vs.* The Real Estate Bank.

to landed estates, was first adjudged to be equally applicable to the assignment of a mere personal chattel not in possession, it is not easy to decide; but it was so settled at a very early period. *Co. Lit.* 132, *b, n.* 1. *Breventon's case,* 1 *Dyer,* 30, *b, pl.* 28. *The King vs. Windham, Cro. Jac.* 82. *Co. Lit.* 214, *a.* *Hodson vs. Ingham, Aleyn.* 60. *The King vs. Twine, Cro. Jac.* 180. *Kingdom vs. Jones, Skin.* 626. *Master vs. Miller,* 4 *T. R.* 340. *Williamson vs. Thompson,* 16 *Ves.* 443. *Glynn vs. Baker,* 13 *East,* 509.

This doctrine, however, being founded in mistaken principles, soon became irksome to the courts, and was not adopted by courts of equity, as in that court there was no danger of maintenance being increased by its giving effect to such assignments. *Baldwin vs. Rockford,* 1 *Wils.* 229. *Wright vs. Wright,* 1 *Ves.* 411. *Peters vs. Soame,* 2 *Vern.* 428. *Baldwin vs. Billingsley, id.* 540. *Crouch vs. Martin, id.* 595. *Cole vs. Jones, id.* 692. *Heath vs. Hall,* 4 *Taunt.* 326.

Courts of law, also, soon began to assimilate their practice, in this respect, to courts of equity, and so far back as the middle of the last century, to recognize the equitable interest of the assignee of a chose in action. But though they took notice of such assignments, and gave effect to them, yet the formal objection has uniformly been adhered to, that the action must be brought in the name of the assignor. *Kingdom vs. Jones, Skin.* 6, 7. *King vs. Parish of Aickless,* 12 *Mod.* 564. *Loden vs. Cheslyn, Sid.* 212. *Banerman vs. Rodennis,* 7 *T. R.* 571. *Jones vs. Dunlop, id.* 596. *Offley vs. Ward,* 1 *Lev.* 235. *Johnson vs. Collings,* 1 *East,* 104. *Whitwell vs. Bennett,* 3 *B. & P.* 559.

Courts of law now take notice of these assignments, and afford them every protection not inconsistent with the principles and proceedings of tribunals acting according to the course of the common law. They endeavor, in these resepects, to apply, as far as may properly be done, the rules and doctrines recognised in courts of equity. They will, therefore, not give effect to a release procured by the original debtor, under a covinous combination with the assignor, in fraud, of his assignee, nor permit the assignor injuriously to interfere with the conduct of any suit, commenced by the assignee, to enforce the rights which passed under the assignment. *Welsh vs. Mandeville,* 1 *Wheat.*

233. *Andrews vs. Beecher*, 1 *J. Cas.* 411. *Littlefield vs. Story*, 3 *J. R.* 426. *Legh vs. Legh*, 1 *B. & P.* 447. *Raymond vs. Squire*, 11 *J. R.* 47. *Wardell vs. Eden*, 2 *J. Cas.* 121, 258. *S. C.*, 1 *J. R.* 531, *n.* *McCullum vs. Coxe*, 1 *Dall.* 139. *Wheeler vs. Wheeler*, 9 *Cow.* 34. *Perkins vs. Parker*, 1 *Mass.* 117. *Bowman vs. Wood*, 15 *Mass.* 534. *Kimboll vs. Huntington*, 19 *Wend.* 675.

But the action must still be brought in the name of the assignor. *Dye vs. Horner*, 22 *Pick.* 256.

An exception to the doctrine that choses in action were not assignable, was soon allowed in favor of *mercantile* transactions. The custom of merchants, whereby a foreign bill of exchange was assignable, so as to vest the *legal* as well as equitable interest therein in the assignee, was recognised in the fourteenth century; and the custom of merchants rendering an *inland* bill transferrible, was established in the seventeenth century. *Ch. on Bills*, 10. *Master vs. Miller*, 4 *T. R.* 342.

The question, whether promissory notes were transferrible like inland bills, long exercised the judgments of the most able lawyers of the last century; but the authority and weight of Lord HOLT's opinion, who held, not only that they were not transferrible, but that they were mere evidences of debt, on which no action could be maintained, made others yield to him. *Brown vs. Hanaden*, 4 *T. R.* 157. *Garnet vs. Clarke*, 11 *Mod.* 226. *Clerke vs. Martin*, 2 *Ld. Raym.* 758. *Story vs. Atkins*, *id.* 1430. *Trier vs. Bridgman*, 2 *East*, 359. *Walmsley vs. Child*, 1 *Ves.* 346. *Blanckenhagen vs. Blundill*, 2 *B. & A.* 417.

It is now, accordingly, universally acknowledged, that a promissory note was not transferrible by endorsement before the statute 3*d* and 4*th Anne*, *ch.* 9, (made perpetual by 7 *Anne*, *ch.* 25, *sec.* 3), by which they were put on the same footing with inland bills of exchange.

There is no legal objection, in England, to the transfer of a bill or note, overdue. *Mutford vs. Walcot*, 1 *Ld. Raym.* 575. *Dehers vs. Harriott*, 1 *Show.* 163. *Boehm vs. Stirling*, 7 *T. R.* 430.

But there is a material difference between the transfer of a bill or note *before* due, and one made *after* it is due. In the latter case, the assignee takes it dishonored and under suspicious circumstances, and

Gray et al. *vs.* The Real Estate Bank.

subject to all the equities existing between the original parties. *Brown vs. Davis*, 3 *T. R.* 80. *Roberts vs. Eden*, 1 *B. & P.* 399. *Twison vs. Francis*, 1 *Camp.* 19. *McClure vs. Pringle*, 13 *Price*, 8. *Littledale vs. Brown & Turner*, 7 *T. R.* 630. *Lee vs. Zangury*, 8 *Taunt.* 114. *Rothschild vs. Covney*, 9 *B. & C.* 391. *Burroughs vs. Moss*, 10 *B. & C.* 558. *Johnson vs. Bloodgood*, 1 *J. Cas.* 51. *S. C.* 2. *Caine's Cas.* 302. *McCullough vs. Houston*, 1 *Dall.* 441. *Humphreys vs. Blight's Assignees*, 4 *Dall.* 370. *Sebring vs. Rathburn*, 1 *J. Cas.* 331. *Prior vs. Jacocks*, 1 *J. Cas.* 169. *Jones vs. Caswell*, 3 *J. Cas.* 29. *Turman vs. Haskin*, 2 *Caine's*, 369. *Payne vs. Eden*, 2 *Caine's*, 213. *Hendricks vs. Judah*, 1 *J. R.* 319. *Lansing vs. Gaire*, 2 *J. R.* 300. *O'Callaghan vs. Sawyer*, 5 *J. R.* 70. *Lansing vs. Lansing*, 8 *J. R.* 454. *Gold vs. Eddy*, 1 *Mass.* 1. *Wilson vs. Clements*, 3 *Mass.* 1. *Thurston vs. McKoun*, 6 *Mass.* 428. *Ayer vs. Hutchins*, 4 *Mass.* 370. *Thompson vs. Hale*, 6 *Pick.* 259. *Braynard vs. Fisher*, *id.* 355. *Sargent vs. Southgate*, 5 *Pick.* 312. *Tucker vs. Smith*, 4 *Greenl.* 415. *Evans vs. Smith*, 4 *Binn.* 366.

It was never law in England, that an instrument could be assigned while in suit, so as to vest the legal interest. No such case can be produced. Does our statute make any instrument assignable, except so long as it is in the field of commerce?

The assignment contemplated by the act, is to be *on* the instrument. The plea, in this case, does not allege that the instrument was *endorsed.* There is no exclusion of the conclusion, that it was assigned by deed; and this Court judicially knows that *all* the assets of the bank were assigned by deed, on the day named in the plea, to the persons named in it.

Both the *mercantile* and *statutory* method of assigning is by *indorsement;* and such assignment by deed does not give the assignee the right of suing in his own name. *Hopkirk vs. Page*, 2 *Brock.* 41.

*By the Court*, RINGO, C. J. The correctness of the judgment is questioned by the plaintiffs in error, on two grounds: 1st, that the Court erred in adjudging their plea filed *puis darrien continuance* insufficient, and sustaining the demurrer thereto; and, 2d, that said judg-

ment was given against them, without any valid service of process on some of them to appear, or their appearance to the action being voluntarily entered.

The latter ground is untrue in fact, as the transcript of the record shows a joint plea, filed by, or on behalf of, all of the defendants below, and therefore is untenable.

It is, therefore, only necessary to determine whether the plea filed *puis darrien continuance* is a good bar to the further maintenance of the suit, by or in the name of the bank.

The general rule, that actions at law can only be maintained by, or in the name of, the party in whom the legal interest in the subject matter of the suit is vested, is certainly too well established to be now controverted; nor has it been, in this case, questioned, but seems to be admitted by both parties. But, the defendant in error insists, First, that a note, after it is sued upon, is not negotiable; that it is then taken out of the world of commerce, and cannot be considered as commercial or mercantile paper; that an assignment of it gives only an equitable interest, authorizing the assignee to have the suit proceeded in for his benefit. Second, that, if the note is assigned, the assignment operates to assign, also, the right of action existing. Third, that the plea, in this case, does not allege that the instrument was endorsed. There is no exclusion of the conclusion, that it was assigned by deed; and this Court judicially knows that all the assets of the Bank were assigned, by deed, on the day named in the plea, to the persons named in it.

The principle that a right, otherwise transferable, cannot be transferred while a suit for its recovery, or founded upon it, is pending and undetermined, we consider as not only novel and unprecedented, but also opposed to the practice and policy adopted in all civilized communities. And such, more especially, we believe it to be, in respect to bills of exchange, the free and active circulation of which is almost everywhere encouraged. We admit it to be true, as it is abundantly shown to be by the authotities cited in the defendant's brief, that, anciently, the transfer of rights or choses in action generally was prohibited in England. But the policy which dictated this restraint upon the rights of property, has long since been essentially changed,

and greatly enlarged, even there; and never was, either in England or the United States, applied to bills of exchange, the legal interest in which, from the time of their first introduciion, has always been transferable by proper endorsement, and the indorsee has uniformly been held to acquire thereby the right to maintain an action at law thereupon, in his own name; nor are we aware of the existence of any principle of law, nor any adjudication, or even *dictum*, (except that of Judge ROWAN, expressed in his dissenting opinion in the case of *Hall vs. Gentry*, decided by the Court of Appeals of Kentucky, and reported in 1 *Marshall*, 556,) inhibiting the right to transfer bills of exchange, or indeed any chose in action, or other property legally transferable, pending a litigation upon or concerning them, unless in cases where the plea of *non est factum* is interposed; and hence, we are clearly of opinion, that the bill of exchange, upon which this action is founded, did not cease to be negotiable upon the institution of the suit, but could, by a proper endorsement or assignment thereof, be transferred so as to vest the legal interest therein in the indorsee or assignee, together with the right to maintain an action at law thereupon in his own name. And this we understand to be the rule of law in respect to bills of exchange, without the aid of our statute concerning assignments. And here it may not be improper to remark, that the instrument in question has not, as stated and urged by the attorney for the defendant, become a part of the record, the same not having been even so much as filed, or oyer thereof prayed; but if it was expressly made a part of the record, its negotiability would not, in our opinion, be thereby destroyed, so long as it continued under the control of the party, and prior to judgment being given upon it.

And it appears to us equally clear, that a plaintiff, who has divested himself of the legal interest in any right of action, either before or after the institution of the suit, cannot, where such fact legally appears upon the record, whether shown by plea or otherwise, recover either to his own use, or that of the person in whom the legal interest is vested. This principle is not controverted; but it is contended that, "if the note is assigned, the assignment operates to assign, also, the right of action existing." This is doubtless true. But the conclusion attempted to be drawn from it by the attorney for the defendant in

error, that the suit may proceed to judgment in the name of the bank, for the use or benefit of the assignee, cannot, upon any legal principle, be maintained. In many cases, suits at law may be instituted, and recoveries obtained, in the name of the party in whom the legal interest in the thing sued for is vested for the use or benefit of some other person or party in whom the right thereto is vested in equity; but it surely cannot be pretended that a party, in whom there is neither the legal nor equitable interest, but who is divested of all right to, or control over, the thing demanded, can maintain any suit whatever for its recovery. And such is the condition of the bank in respect to the present suit, if the bill of exchange, upon which the action is founded, was, in fact, legally assigned or transferred by her to some third party, prior to the judgment; and the result must be the same, whether the transfer is made under, and by virtue of, the law merchant, or of our statute in relation to assignments. In either case, both the legal and equitable interest passed from her to the indorsee or assignee, who thereby acquired the exclusive right of maintaining a suit upon it, or for its contents, in his own name. *Chitty on Bills*, 6. *Rev. St. Ark.*, *ch.* 11, *p.* 107. *Gamblin et al. vs. Walker, for the use of, &c.*, 1 *Ark. Rep.* 220. *Block vs. Walker*, 2 *Ark. Rep.* 4. *Purdy vs. Brown & Taylor*, 4 *Ark. Rep.* 535. In these cases, it is expressly adjudged that the assignor could not maintain any action whatever upon choses in action, assignable under the statutory provisions then in force, which, in respect to the question now in discussion, were, if not identically the same, at least substantially the same as those now in force. The propriety or authority of these decisions we are not disposed to question. Consequently, the assignor cannot now maintain any action upon any instrument assignable, and assigned under, and according to, the statutory provisions relating thereto now in force.

But it is also urged, that the legal interest in the instrument in question can only be transferred by indorsement, whether the transfer be made by virtue of the law merchant, or of our statutory provisions on the subject; and that an assignment by deed does not give the assignee the right of suing in his own name; and, in support of the latter proposition, the case of *Hopkirk vs. Page*, 2 *Brock.* 41, is cited, in which

Gray et al. *vs.* The Real Estate Bank.

MARSHALL, C. J., held that the legal interest in a bill of exchange, according to the law merchant, could not be transferred otherwise than by indorsement, and that the indorsement must be upon the bill, or, at least, must accompany it; and that a general assignment, by deed, of all the debts of an individual, " cannot be considered as a negotiation of the bill upon mercantile usage, so as to authorize the holder to sue in his own name," though it may very properly be considered as conveying the equitable interest, and the right to receive the money. Whether the principles above stated by C. J. MARSHALL be, in every respect, consonant with other adjudications upon the subject, or otherwise, we deem it unnecessary to inquire; because, from the view which we have taken, they could not, in the present aspect of this case, have any influence upon its decision, as the attorney for the Bank, in his brief, expressly admits that " the instrument sued in this case was made assignable by our statute," which declares that " all bonds, bills, notes, agreements, and contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable," and that " the assignee of any such instrument as specified in the first section of this act, may sue for the same in his own name, as assignee thereof, in the same manner that the original obligee or payee might or could do." *Rev. St. Ark., ch.* 11, *sec's* 1, 2. The fourth section of the same statute provides, that the assignee, in any suit by him upon such assigned paper, shall not be required to prove the assignment, " unless the defendant shall annex to his plea an affidavit denying such assignment, and stating, in such affidavit, that he verily believes that one or more of the assignments, *on such* instrument of writing, was forged;" and the fifth section declares, that " it shall not be necessary for any assignee to set forth the consideration of any of the assignments *on any such assigned paper.*" These provisions, it is urged, require the assignment to be written or indorsed on the instrument assigned, in order to transfer the legal interest in, and right of action on it, to the assignee; and it is contended that the plea in question is insufficient, because it fails to show that the instrument in question was assigned by such indorsement upon it, and that it was not assigned by deed. These questions, as to the legal mode of making an assignment of choses in action, under the statutory pro-

Gray et al. *vs.* The Real Estate Bank.

visions above quoted, we do not conceive to be presented by the pleadings in this case, so as necessarily to require their decision, and therefore we express no opinion upon them. The plea, it is true, does not allege that the assignment was written or endorsed on the bill, or show whether it was by deed or by parol, but it does expressly aver the assignment and delivery of the bill by the bank to James S. Conway, (and several other persons named in the plea), on the 2d day of April, 1842, for value received; and the defendant in error, by omitting to assign specially, as cause of demurrer, the objections now urged against the plea, cannot take advantage thereof, according to the decision of this Court in the case of *Davies vs. Gibson,* 2 *Ark. Rep.* 115; and the Court is bound to disregard or amend these defects in the plea, and proceed to give judgment according to the very right of the cause, provided sufficient appear in the pleadings to enable it to do so. *Rev. St. Ark., ch.* 116, *sec.* 60, 61. The plea in this case shows, unquestionably, an assignment and delivery by the bank, to third persons, of the bill of exchange on which the suit is founded; and this is, surely, enough to enable the Court to proceed to give judgment according to the very right of the cause, although the precise manner of making the assignment is not specially set out; yet, if it be true, as stated, that the bank has assigned, transferred, made over, and delivered the bill to a third party, the presumption is a legal one, and must be indulged, that the transfer or assignment was made according to law, or mercantile usage and custom in such case. The plea, therefore, in this aspect of the pleadings, if the facts stated in it be true, as they are admitted to be by the demurrer, constitutes a good legal bar to the further maintaining of this action by the bank against the plaintiffs in error.                  :          Judgment reversed.