## BIRCH vs. TILLOTSON.

1. Where in an action on a promissory note by the endorsee against the maker, the defence set up is a want of legal title in the plaintiff, a plea verified by affidavit is not necessary, but evidence appropriate to the issue may be introduced under the plea of *non assumpsit*.

2. A bankrupt, who, after his discharge, becomes the *bona fide* holder of a note payable to himself, which had been returned in his schedule and sold by the assignee, is remitted to his original title, and may transfer it by endorsement, so as to vest the right of action in his endorsee.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

John T. Taylor, for plaintiff in error:

1. The plaintiff had the right to fill up the endorsement of Crawford & Gandy to himself, and being in blank, it has the same legal effect as if filled up, and the defendant could not prove property in the assignee of Crawford & Son, without a sworn plea. See 10 Ala. Rep. 817, and the numerous cases there cited, decided by this court; 9 Port. 309; 14 Ala. R. 619.

2. The plaintiff showed a clear legal titile through the endorsements, and the defendant could not show a right in a third person, unless he shows some offset or claim against such person. 5 Ala. Rep. 135.

3. Even if the title had vested in the assignee in bankruptcy, he had a right to dispose of it by sale under order of the court, and this having been legally done, as appears from the evidence, and the paper being negotiable and endorsed by the payees, the legal title would pass to the purchaser at the bankrupt sale by delivery, and from him to the plaintiff in the same way; and the possession of plaintiff is sufficient evidence

of his title in this way. Even if the note had been endorsed by these intermediate holers, the plaintiff had the right to strike out their names, so far as the maker is concerned, and claim under the first or second endorser.

CAMPBELL, for the defendant: ·

The question presented in this case is, can a party take a note under an endorsement from a bankrupt after his act of bankruptcy? The evidence shows that the note formed a part of the bankrupt's assets; that it was sold in January 1846, and in the same month remitted to a firm in Mobile for collection. The note was specially endorsed to this firm by the bankrupt, and not by the assignee, and by that firm afterwards endorsed by the plaintiff. 2 Esp. 611; 2 H. B. 335; 10 East. 418; 1 Comp. 279.

CHILTON, J.—This was an action of assumpsit upon a promissory note made by defendant to James Crawford & Son, endorsed by the payees to Crawford & Gandy, and by the latter endorsed in blank. The pleas were non-assumpsit, payment, and set off. Upon the trial the defendant was allowed to prove, against the plaintiff's objection, that the payees of the note, James Crawford & Son, had taken the benefit of the bankrupt law; that the note now sued on was embraced in the assets rendered in by them and turned over to the assignee in bankruptcy, and that it was sold by him on the 19th January 1846, and purchased at said sale by one Daniel Iverson. It was further shown, that the note was endorsed to the firm of Crawford & Gandy *solely* for the purpose of collection, and that said firm had not at any time any interest in said note, but merely endorsed it for the purpose of collection, and handed it so endorsed to the attorneys of the plaintiff, in January 1846. This evidence was objected to by the plaintiff on two grounds: 1st—Because, he insisted, it was irrelevant under the issues: and 2d—Because no claim, offset or equity was alleged to exist against the assignee in bankruptcy or other person. The court having overruled the objections, charged the jury that if they believed the evidence, the legal title to the note was still in the assignee in bankruptcy, and the plaintiff could not maintain this suit.

On the part of the defendant in error, it is insisted that no one can acquire the legal interest in a note under an endorsement from the payee who becomes bankrupt, and makes the endorsement after he is so declared.

The objection on the part of the plaintiff in error, that the assignment could not be taken advantage of, as passing no legal title, unless upon plea supported by affidavit, is not tenable. It is certainly incumbent upon every plaintiff at law to show that he has the legal title to that which he seeks to recover, and the want of such legal title is fatal upon the plea of nonassumpsit to an action in which this is the appropriate issue. In Pinkerton v. Adams & Milner, 2 Esp. Rep. 611, it was objected that the proof of the endorsement of the note sued on after the endorser had become a bankrupt could not be admitted under the general issue; but Lord Kenyon said he was clearly of opinion it could be given in evidence under the general issue, *non-assumpsit*, for the defendant did not undertake to pay that to which the plaintiff had no legal title, which was the case here. This decision results as a consequence from the bankrupt act, which declares such transfers void, and vests the legal as well as equitable title of the bankrupt's property in his assignee. Our act of 1841 gives to the decree in bankruptcy the effect of transferring to the assignee all the bankrupt's *choses in action* and effects of every kind; so that it is very clear, if after a decree in bankruptcy and before a sale of this note by the assignee, the bankrupt payee had attempted to negotiate it by endorsement or otherwise, it would have been a fraud upon his creditors, and the legal title having passed to the assignee in bankruptcy, could not have been transmitted by the bankrupt to his endorsee. Such is the opinion above referred to.

The cases of Thompson et al. v. Underhill & Guest, 10 East. 417, and Pinkerton, assignee, &c. v. Marshall, 2 H. Bla. Rep. 334, present controversies between the assignee of the bankrupt and those claiming under him by a negotiation subsequent to the act of bankruptcy, and are all distinguishable from the case at bar. In this case the bankrupt returned the note sued on in his schedule, and the assignee duly sold it under the decree; so that no question is raised as between the plaintiff and the bankrupt's assignee or creditors. The only ques-

tion raised is, do the facts set out in the bill of exceptions show that the legal title to the note is in the plaintiff? By the decree the bankrupt's title, as we have said, vested in the assignee. The law required him to make sale, and thereby he becomes divested of the title. We will not say that the purchaser of a note at the assignee's sale may sue in his own name upon it in the absence of an assignment by the assignee. The facts before us do not call for such a decision. But in our opinion, the note having been assigned by the payee, after the assignee in bankruptcy had sold it, we must intend that it was purchased by the payee from Iverson, the purchaser at the bankrupt's sale, and being the payee, and thus remitted to his original legal title, that he could have sued upon it in his own name. If this be true, then it follows he could transfer it by his endorsement. Suppose he had regularly transfered it before his bankruptcy, and afterwards had acquired it— would it not have been perfectly competent for him to have stricken out the assignments which had previously divested him of his title, and relied upon his original right to maintain his suit? Clearly so. How then is the case altered by the decree in bankruptcy? This only vests the title in the assignee, whose sale divests his interest, and when the bankrupt again becomes the *bona fide* holder of the paper, we see no reason why the intermediate process through which the note has passed should prevent his original right of action from reviving, any more than a transfer by his endorsement would when he afterwards acquires the note. The case in 1 Camp. Rep. 279, to which we are refered, does not militate against this view. In that case, one of two purchasers, after the commission of a secret act of bankruptcy by his copartner, transfered in the firm name a negotiable security, and the acceptors being notified by the assignee in bankruptcy not to pay the bill, refused payment. Held, that under the English statute, the transfer was invalid and the plaintiffs were not entitled to recover.

We must presume that the firm of James Crawford & Son acquired the note after the sale made by the assignee; this being the case, we see no consideration of public policy, nor any principle of law, which forbids them to indorse it so as to pass the legal title. By the recovery and satisfaction of the judgment, the note is cancelled and discharged, and this is the main

consideration, so far as the defendant is concerned, who does not gainsay the debt, but only insists that the holder of the legal title must sue.

Let the judgment of the Circuit Court be reversed, and the cause remanded.