# McNutt *et al. v.* King *et al.*

## *Action of Trover.*

1. *Bankruptcy will cause a dissolution of the partnership.*—A partnership will be dissolved by the bankruptcy of one of its members ; and the assignee of the bankrupt becomes a joint owner with the solvent partners, of the property of the partnership.

2. *The transfer of a right of action by the assignee, does not authorize the transferee to sue in his own name.*—The transfer by such an assignee of a mere right of action for the conversion of personal property does not invest the transferee with a legal title ; the only effect of the transfer would be to authorize the transferee to sue in the name of the assignee, jointly with the solvent partners, and to receive the bankrupt's share of the amount recovered.

3. *The action of trover must be prosecuted by the person having the legal title.*—The action of trover is not within the influence of the statute which authorizes suits to be brought by a party, having only a beneficial or equitable interest, as distinguished from the legal title. It must be commenced and prosecuted in the name of the party having the legal title.

4. *In an action of trover by partners a plea of bankruptcy of one of them is sufficient.*—In an action by partners for the conversion of partnership property, a plea which avers the bankruptcy of one of them is a good and sufficient plea in bar.

5. *If no exception is reserved, the action is not revisable.*—If no exception is reserved to the refusal of the court to allow the complaint to be amended by striking out the names of one of the plaintiffs, its action is not revisable.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. WILLIAM S. MUDD.

The facts are stated in the opinion.

TULLY R. CORNICK, and W. P. CHILTON, for appellants. 1. The fourth plea is, in substance and in fact, a plea in abatement, and it should have been verified by oath.—1 Chitty Pl. 462–3. The plaintiffs might have treated it as a nullity, and would not thereby have waived anything.—16 Johns. 307; 1 Chitty, 463.

2. The plea in abatement sets up the fact that Joseph H. Jourolman, one of the plaintiffs, has brought suit in the name of J. H. Jourolman. Such a plea is frivolous, and ought to have been stricken out by the court on its own motion.

[McNutt et al. v. King et al.]

3. A bankrupt can purchase anything that may be sold by his assignee, whether an estate in possession or a chose in action.—Bump on Bankruptcy (8 ed.), 160; 20 Miss. 258; 5 Am. Rep's, 548. And the assignee can sell any right of action, the collection of which is jeopardized or delayed. Statutes at Large, § 5064; Bump on Bank. 150–160. And his action in the premises can not be collaterally attacked in the State courts.—10 Bank. Reg. 305; 39 N. Y. 302.

4. Declarations are amendable, and, under leave to amend, the plaintiff has the right to amend the original or file a new one.—3 Port. 415, 422; 9 Ala. 89. The declaration can even be amended after issue joined, and is amendable at any time before final judgment; 23 Ala. 127; 27 Ala. 142; 29 Ala. 623; 25 Ala. 320. Section 2809 of the Revised Code has been construed in the following cases: 26 Ala. 380; 27 Ala. 277, 532; 28 Ala. 623; 30 Ala. 636; 31 Ala. 404, 639, 683.

HARGROVE & LEWIS, for appellees.—1. The fourth, fifth and sixth pleas of defendant are in bar and not in abatement. Chitty Plead. 23–4; 11 Ala. 1002. The pleas are good. Parsons on Partn. 475; 27 Ark. 74; Story on Part. § 483–4; U. S. Review Stat. § 5057; 11 Ala. 932. And no objection to the pleas can be noticed except those assigned in the demurrer.

2. The demurrer to the second replication was properly sustained. The replication admits that after the action occurred McNutt became bankrupt; But sets up a subsequent purchase from the assignee. Even if such purchase could have been legally made, it could not restore his capacity to sue as surviving partner, or in any capacity. He bought, if anything, a mere equitable interest. The legal title of his former interest was still in the assignee.—18 Ala. 286; 116 Mass. 534. The lex fori must govern in such cases. 116 Mass. 534. And the pleas show that more than two years had elapsed between the bankruptcy of McNutt and the bringing of this suit.—11 Ala. 932; 8 Ala. 375.

3. The assignee of a bankrupt has only such right and power to dispose of the effects and rights vested in him as the bankrupt had if he had not become bankrupt.—18 Ala. 286. But no sale of such a right of action could have clothed McNutt with the power to bring this suit.—8 Port. 36, 237; 18 Ala. 21.

4. The refusal of the court to allow the plaintiff to amend by striking out the name of McNutt can not be revised in the Supreme Court unless the point had been reserved in a.

bill of exceptions. Moreover, the action of the court was *per se* proper. The suit was in the name of McNutt and J. H. Jourolman, as surviving partners. The only person who could have been substituted for McNutt was his assignee in bankruptcy, and this was not proposed. There was nothing but the *simple motion to strike out McNutt*, which, if allowed, would have changed the character of the action. *Taylor v. Taylor*, 43 Ala.; 38 Ala. 155.

BRICKELL, C. J.—This was an action of trover, commenced by the appellants, McNutt and Jourolman, on the 20th day of September, 1871, as surviving partners of A. G. Jackson, deceased, for the conversion, by the defendants in 1863, of two hundred and eight bales of cotton. Several pleas in abatement were filed, to one of which a demurrer was interposed, and overruled. No judgment was however rendered on either of these pleas, but pleas in bar were subsequently filed, and there was issue joined, a jury and verdict for the defendants. The fourth plea in bar avers that before the commencement of this suit, the plaintiffs had impleaded the defendants in the Circuit Court of Shelby county, for the same cause of action. During its pendency the plaintiff, McNutt, became and was adjudicated bankrupt under the act of Congress of March 2, 1867, establishing a uniform system of bankruptcy throughout the United States. That the fact of his bankruptcy was suggested to the court, and entered of record, and his assignee not appearing and making himself a party, said suit was by reason thereof abated. The plea concludes with an averment of the truth of the suggestion, and that during the pendency of said suit, on the first day of January, 1869, said McNutt was by the District Court of the United States held at Knoxville, in the State of Tennessee, adjudged a bankrupt. To this plea, the plaintiffs demurred, assigning two causes, *first*, that there was no denial that McNutt, *was not now, and was not before the bringing of the suit, the owner of an interest in the claim sued on.* *Second*, that it averred two separate and distinct matters in defence, one in abatement, and the other in bar. The demurrer was overruled, and the plaintiffs replied, that after his bankruptcy McNutt purchased of his assignee, the right and interest in the cause of action, he had originally, and this action was brought with the consent of his coplaintiff, Jourolman, and the personal representative of his deceased copartner, A. G. Jackson. A demurrer to the replication was sustained. The errors now assigned, are, overruling the

demurrer to the plea in abatement, and to the fourth plea in bar, and sustaining the demurrer to the replication.

1. No injury has resulted to the appellants from the ruling of the Circuit Court on the demurrer to the plea in abatement. If the demurrer had been sustained, the cause could but have proceeded, as it did, to issues on pleas in bar. It is unimportant therefore to pass on the sufficiency of that plea admitting it bad, and that the demurrer was erroneously overruled, it is error without injury which furnishes no ground of reversal.

2. In passing on the sufficiency of the fourth plea in bar, we can consider no other objections than those specifically stated in the demurrer. This is the effect the statute, confining demurrers to matters of substance, and declaring " no objection can be taken or allowed, which is not distinctly stated in the demurrer."—Revised Code, § 2656; Code of 1876, § 3005; *Cotton v. Rutledge*, 33 Ala. 110. If the plea had averred simply the bankruptcy of McNutt, there can be no doubt of its sufficiency as a plea in bar. The action is by partners, for the conversion of partnership property. The right of action resided in the partnership, not in its individual members, consequently all must have joined, or the action could not be maintained. The bankruptcy of McNutt, was a dissolution of the partnership. After the adjudication he ceased to have any power or dominion over the partnership effects, whether resting in possession, or in action. By operation of law, the assignee when appointed succeeded to all his rights and interests, and all future actions for the recovery of partnership property, or on contracts, or choses in action, or the rights of the partnership, must be brought jointly in the name of the solvent partners, and the assignee.—Story on Part. §§ 337, 338; *Lacy v. Rockett*, 11 Ala. 1002. Nor was the plea defective because it did not negative the acquisition by McNutt subsequent to the bankruptcy, of a right or interest in the subject matter of suit. The action is not founded on a contract for the payment of money, but for a tort, and is not within the influence of the statute which authorizes suits at law by a party having only a beneficial or equitable interest, as distinguished from the legal title—it must be commenced and prosecuted in the name of the party having the legal title.—*Stodder v. Grant*, 28 Ala. 416. The legal title passed by the bankruptcy to the assignee and the solvent partners jointly. The assignee had no greater power to transfer it than resided in McNutt, and it is too plain for argument that of a mere right of action

[McNutt et al. v. King et al.]

for the conversion of personal property, he could not have transferred the legal title. The only effect of a subsequent transfer by the assignee was to clothe the transferee with authority to prosecute an action at law, in the name of the assignee, jointly with the solvent partners, and to share in the recovery to the extent to which McNutt was entitled to share. It would not have passed the legal title, devolving on the assignee only by operation of law.—*Leach v. Greene,* 116 Mass. 534; *Camack v. Bisquay,* 18 Ala. 286.

We are not inclined to the opinion that the plea is obnoxious to the objection of duplicity—of stating matter in abatement, and in bar. The pendency of the former suit is averred with the view of showing that prior to, and at the time of the bankruptcy, the subject matter of suit had been turned into a mere right of action, and its existence was the matter of controversy. But if the plea is bad for duplicity that defect is not now available. It is not a defect of substance, but of redundance, which at common law was reached only by a special demurrer.—*Callison v. Lemans,* 2 Port. 145. It results from what we have said, the replication to the plea was not sufficient, and the court did not err in sustaining the demurrer to it. Its averments show that McNutt, had not a legal title to the cotton for the conversion of which the suit is brought, but that the legal title he once had, resided in the assignee in bankruptcy.

There was no exception to the refusal of the court to allow an amendment of the complaint by striking out the name of McNutt as plaintiff. Without such exception, the action of the court is not revisable. If an exception had been taken, it would not have availed a reversal of the judgment. Jourolman alone could not have prosecuted the action to a recovery. The assignee in bankruptcy having jointly with him the legal title must have been a party plaintiff, and there was no offer to amend by making him a party. Let the judgment be affirmed.