No. 14,397.

## BROTHERTON v. STREET ET AL.

PROMISSORY NOTE.—*Endorsement.*—*Complaint.*—The payee of a promissory note wrote upon the back thereof the words: " I sign this note to N. H. Garretson without recourse," and affixed his signature. Garretson wrote upon the back of the note these words: " I guarantee payment of this note when due to John F. Brotherton," his signature following the words, and Brotherton wrote thereon the words: " I guarantee payment of this note when due to the First National Bank of Lima, Ohio," and attached his signature.

*Held*, that the endorsement by the payee, notwithstanding the misuse of words, was sufficient to pass title to Garretson.

*Held*, also, that a complaint by Brotherton alleging the facts as above is bad, as it does not show title in the plaintiff.

From the Jay Circuit Court.

*D. T. Taylor, R. H. Hartford, J. B. Jaqua* and *J. A. Jaqua,* for appellant.

*C. Corwin* and *J. M. Smith,* for appellees.

ELLIOTT, J.—The complaint of the appellant is founded upon a promissory note, negotiable by the law merchant, executed by the appellees, and payable to Thomas J. McElroy. It is alleged that McElroy wrote on the back of the note these words: " I sign this note to N. H. Garretson, without recourse," and that he affixed his signature. We think this was such an endorsement of the note as passed title to Garretson, although there is a plain misuse of words, for the intent to vest title in Garretson is clear, and this intent it is the duty of the courts to carry into effect. It is further alleged that Garretson wrote on the back of the note the words: " I guarantee payment of this note when due to John F. Brotherton," and that his signature follows the words. It is also alleged that Brotherton wrote on the back of the note the words : "I guarantee payment of this note when due to the First National Bank of Lima, Ohio," and that he attached his signature to what he had written.

If the writing on the back of the note signed by Garretson did not transfer title, then Brotherton acquired none, and can not maintain this action. If the writing was sufficient to transfer title, then the writing signed by Brotherton transferred title to the First National Bank, of Lima, and no title appears in the appellant, since it does not appear that the bank ever parted with the title to Brotherton, or to any one else. Whatever view, therefore, is taken of the complaint it is bad, for the reason that it does not show title in the plaintiff, and without title he can have no right of action. As the appellant has no complaint upon which a judgment can rest, it is unnecessary to pass upon the sufficiency of the answers.

Judgment affirmed.

Filed June 26, 1890; petition for a rehearing overruled Sept. 18, 1890.