WOLFBORO LOAN AND BANKING COMPANY (by amendment)
*vs.* CHARLES H. ROLLINS.

Suffolk. March 7, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Assignment. Jurisdiction. Bills and Notes. Surety. Bankruptcy.*

Assuming that the assignee of an insolvent corporation organized under the laws of another State, who was appointed under the statutory provisions of that State, cannot sue in a court of this Commonwealth in his own name on a promissory note payable to the corporation, which here was not passed upon, there is no reason why he should not bring an action on the note in the name of the corporation.

An action on a promissory note can be maintained in the name of the payee by one rightfully in possession of the note without regard to the question who is the owner of it.

By the U. S. bankruptcy act of 1898, § 16, the discharge of the principal upon a promissory note does not affect the liability of a surety.

A provision in a promissory note payable to a bank signed by a principal and two sureties, that "the sureties agree to be liable without notice so long as there is any liability of the principal, although the bank may grant extensions from time to time for the payment of all or any part of this note," is merely an agreement in advance that the time for payment may be extended without discharging the sureties from liability, and is not a limitation of the liability of the sureties which would operate to discharge them in case of the discharge in bankruptcy of the principal.

CONTRACT against a surety on a promissory note. Writ in the Municipal Court of the City of Boston dated September 30, 1905.

The action originally was brought by James E. French, assignee of the Wolfboro Loan and Banking Company, a corporation organized under the laws of the State of New Hampshire. By an amendment of the writ and declaration allowed in the Municipal Court that corporation itself was substituted as plaintiff.

The note sued upon was as follows:

"$475.00                          Wolfboro, N. H., Oct. 3d, 1899.

"For value received we jointly and severally promise to pay the Wolfboro Loan & Banking Co. or order four hundred and seventy-five dollars in six months

" The sureties agree to be liable without notice so long as there is any liability of the principal, although the bank may grant extensions from time to time for the payment of all or any part of this note.

> " Frank R. Hobbs
> Frank W. Edgerly, Surety,
> Charles H. Rollins, Surety."

Indorsements.

" Received on principal    June Int. paid to July 3, 1900
>     Dec.   "    "    " Jan. 3, 1901,
>     June   "    "    " July 3, 1901."

On appeal to the Superior Court the case was submitted to *Bond*, J. upon an agreed statement of facts.

It appeared that on March 16, 1904, by an order of the Superior Court of the State of New Hampshire James E. French was appointed assignee of the. Wolfboro Loan and Banking Company under the provisions of c. 162 of the Public Statutes of New Hampshire, which were printed in full in the agreed statement of facts, the corporation before such appointment having been represented by the bank commissioners of the State of New Hampshire to be insolvent.

James E. French since his appointment as assignee has been engaged in winding up the affairs of the Wolfboro Loan and Banking Company. Before bringing this action he did not petition any court in Massachusetts for authority of any kind to act in any way whatsoever. Before the giving of the note in suit, Frank R. Hobbs of Wolfboro, New Hampshire, purchased certain furniture of Charles H. Rollins, the defendant. Being unable to pay for it, in August, 1898, he. borrowed the money from the plaintiff, receiving a cashier's check to his order for the sum of $475 which was given to the defendant and deposited by him to the credit of the estate of Charles Rollins, his father, which owned the furniture. The plaintiff received from Hobbs the note of Hobbs for a like amount, which was indorsed by the defendant at the request of Hobbs and also by Frank W. Edgerly. This note was renewed in October of 1898, was renewed again in January, 1899, and was renewed again two or three times during the summer in substantially the same form, in each case the note being paid by a new note for the same sum with the same

signers.   On October 3, 1899, the note dated June 3, 1899, was paid by the note in suit, for six months, signed by Rollins and Edgerly as sureties.   This note never has been protested and no notice was given to the defendant of its non-payment at maturity.

On April 6, 1903, Hobbs filed a petition in bankruptcy and was discharged on June 16, 1903, his estate paying no dividend, and no attempt was made to collect any portion of the amount due on this note from the bankrupt estate of Hobbs.   The obligation of Hobbs to the bank upon this note was scheduled.   In the year 1900 Frank W. Edgerly, one of the sureties on the note in suit, died, and no attempt ever was made by the plaintiff or its agents to collect any portion of the amount due on this note from the estate of Edgerly.   That estate now is settled, and any attempt to collect from it by the bank or by Rollins is barred by the statute of limitations.

It was understood and agreed that such inferences of fact might be drawn by the court as were warranted by the agreed facts as above set forth.

The defendant asked the judge to make the following rulings:

1. Upon all the evidence the plaintiff is not entitled to recover.

2. The assignee or receiver of a New Hampshire savings institution appointed under c. 162 of the Public Statutes of New Hampshire cannot bring a suit in the Commonwealth of Massachusetts to realize upon the assets of his corporation without authorization from a Massachusetts court of competent jurisdiction.

3. The Wolfboro Loan and Banking Company, which sues in this action by James E. French, assignee, being in the hands of an assignee or receiver appointed by a New Hampshire court, cannot bring suit in Massachusetts without further authorization from some Massachusetts court of competent jurisdiction.

4. The liability of the defendant did not extend beyond the time when there was liability on the part of the principal, Hobbs, and Hobbs having received his discharge in bankruptcy there is no further liability on the part of the defendant.

5. The obligation of the defendant, if any, was the obligation of a surety, and the extent of it is set out in the second paragraph of the note sued upon.

6. The discharge in bankruptcy of the principal, Hobbs, put an end to all liability on his part to pay the note in question, and when his liability ceased the liability of the defendant ceased.

The judge refused to make any of these rulings, and found for the plaintiff in the sum of $617.03.    The defendant alleged exceptions.

*J. S. Farlow*, for the defendant.

*H. Holt, Jr.*, for the plaintiff.

KNOWLTON, C. J.    The plaintiff, a banking corporation established in New Hampshire, is the holder, for a valuable consideration, of the note declared on, signed by the defendant as a surety.    Under c. 162 of the Public Statutes of New Hampshire, an assignee of the plaintiff's property and effects was appointed by the court, who thereby became the holder of the legal title to all this property.    *In the Matter of the White Mountains Bank*, 46 N. H. 143.    *Hall* v. *Bracket*, 60 N. H. 215.

The first defence set up is that an action cannot be maintained in the name of the plaintiff.    This defence is not well founded.    Even if the assignee, with his statutory title in a foreign State, could not have maintained an action in this State in his own name, there is no reason why he could not cause an action to be brought in the name of the corporation.    *Hayward* v. *Leeson*, 176 Mass. 310.    *Homer* v. *Barr Pumping Engine Co.* 180 Mass. 163.    *Wilson* v. *Welch*, 157 Mass. 77.    *Campbell & Zell Co.* v. *Barr Pumping Engine Co.* 182 Mass. 304.    An action can be maintained in the name of the payee of a note, without regard to the question who is the owner of it.    *Spofford* v. *Norton*, 126 Mass. 533.

The discharge in bankruptcy of the principal upon the note does not affect the liability of the surety.    U. S. St. 1898, c. 541, § 16.    *Guild* v. *Butler*, 122 Mass. 498.    *Cochrane* v. *Cushing*, 124 Mass. 219.    The provision in the note that " the sureties agree to be liable without notice, so long as there is any liability of the principal, although the bank may grant extensions from time to time for the payment of all or any part of this note," is not a limitation of the liability of the sureties, but an agreement in advance that the time for payment may be extended without discharging them from liability.

*Exceptions overruled.*