(85 South. 394)

**LYNN et al. v. KELLY. (6 Div. 32.)**

(Supreme Court of Alabama. April 22, 1920.)

1. Evidence ⬅183(6)—Secondary evidence inadmissible, where evidence of loss insufficient.

In action on note, secondary evidence of contents of note *held* inadmissible, in view of evidence which failed to establish the loss of note.

2. Appeal and error ⬅1079—Question not elaborately briefed not considered.

Where a question was not elaborately briefed by appellant, and where there was no brief by appellee, the question will not be considered by appellate court.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Assumpsit by J. A. Kelly against John Lynn, Jr., and L. M. Norris. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Z. McVay, of Double Springs, and Leith & Powell, of Jasper, for appellants.

The court erred in admitting the contents of the note. 86 Ala. 94, 5 South. 780. There was no evidence to sustain the charge of the court that plaintiff would be entitled to sue on the note, if its transfer was obtained from him by misrepresentation or fraud. 11 Ala. App. 670; 66 Ala. 954; 192 Ala. 396, 68 South. 298.

W. V. Mayhall, of Haleyville, for appellee. No brief reached the reporter.

GARDNER, J. Suit by appellee against appellants upon a promissory note. Plaintiff was the only material witness in the cause. The note was not produced, but an attempt was made to offer secondary evidence as to its contents upon showing its loss. The plaintiff testified, however, that he was due the Cedar Hill Nursery Company the sum of $55, and that he paid part the account in cash and the balance by the note in question, which he gave to one Parker, agent of said company, and that he indorsed the note to the Cedar Hill Nursery Company. He further testified that he went to the place of business of the Cedar Hill Nursery Company, and assisted in a search for said note; and upon being asked, "Did you find, or did they find, that note, or any evidence of it?" he answered (page 13 of record) "Yes, sir." All the other evidence in regard to the note or its whereabouts was based on hearsay, to which objection was duly made. No testimony of any member of the firm of Cedar Hill Nursery Company was offered.

[1] Whether there was error in transcribing the above testimony we have no way of ascertaining. We are unable to hold, by reference to other evidence, there was a mere typographical error, as is permissible in a proper case. The evidence is clear and unambiguous, and leaves no room for construction, and we must determine the case upon the record before us. The only competent proof, so far as here disclosed, therefore tends to the establishment of the transfer of the note by the plaintiff to the Cedar Hill Nursery Company, and there is no evidence to the contrary. It requires no discussion to show that the plaintiff has failed to sufficiently establish the loss of the note to admit secondary evidence of its contents (Potts v. Coleman, 86 Ala. 94, 5 South. 780), and that, therefore, the court erred in overruling defendant's objections to such proof. For this error the judgment must be reversed.

There seems to be some indication, as gathered from the evidence together with the oral charge of the court, that plaintiff insists there was a breach of warranty or failure of consideration in the transaction between himself and the Cedar Hill Nursery Company, and that therefore he was entitled to the note, although there was no proof tending to show any rescission of that contract.

[2] The question as to whether or not, the transfer of the note having been shown, under these circumstances plaintiff could recover in this suit, is not elaborately briefed by appellant, and we are not favored with a brief by appellee. We do not deem it necessary, therefore, to indicate any opinion upon or enter into a consideration of this question, but cite without comment the following authorities which seem to bear somewhat upon this point: 8 Corp. Jur. 799, 885, 886, 895, 960; Birch v. Tillotson, 16 Ala. 387; Smith v. Nelson, 83 S. C. 294, 65 S. E. 261, 24 L. R. A. (N. S.) 644, 137 Am. St. Rep. 808; Lawrance v. Fussell, 77 Pa. 460; Brotherton v.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Street, 124 Ind. 599, 24 N. E. 1068; Wolfboro Loan Co. v. Rollins, 195 Mass. 323, 81 N. E. 204; Southern Bk. v. Mechanics' Bank, 27 Ga. 252; Gray v. Bank, 5 Ark. 93; 13 R. C. L. 1176 et seq.

For the error first above indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

---

⬅⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes